ABBIE G. WATKINS, Respondent, *v.* EBEN C. REYNOLDS et al., Impleaded, etc., Appellants.

123   211
125   461
125   670
123   211
132   319

The will of M. devised an undivided one-third of his real estate to a trustee in trust to pay the income to his daughter E. during her life, and upon the further trust, that upon the death of E. the trustee "shall and will

convey and deliver the said estate * * * to the right heirs then living " of said E. *Held*, that upon the death of E. the trust created by the will terminated (1 R. S. 730, § 67), and title to the real estate held in trust vested in her heirs; that a formal conveyance to them from the trustee was unnecessary.

Where, in an action to enforce an agreement as an equitable mortgage, it appeared that the party making the agreement had conveyed the premises, and that the grantee, who purchased in good faith and without notice of the agreement, contracted to pay as part of the purchase-price certain debts of the grantor, but that before said debts were paid he was notified of the agreement, *held*, that a judgment charging the grantee with the payment of the amount of said debts was error; that said grantee having entered into an agreement to pay this sum to other parties, no longer owed it to his grantor, but to the creditors; and that no release or discharge from the obligation could be presumed in the absence of any evidence tending to show it.

*Watkins* v. *Vrooman* (51 Hun, 175), reversed.

(Argued June 23, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court it the fourth judicial department, entered upon an order made November 13, 1888, which affirmed a judgment in favor of plaintiff against defendants Henry J. Vrooman and Eben C. Reynolds entered upon a decision of the court on trial at Special Term, and dismissed an appeal from said judgment by the defendant Helen Reynolds.

This action was brought to have an agreement executed by Henry J. Vrooman declared a mortgage and a lien upon certain real estate described in a prior mortgage executed by Eliza A. Vrooman, and for a foreclosure of said mortgage.

William Miller, by will dated June 6, 1840, and proved August 2, 1843, among other things, after making certain bequests, devised and bequeathed the equal, undivided one-third part of the residue of his real estate and personal to William Broadwell in trust to pay the interest, rents and profits and increase, to his daughter, Eliza Ann Vrooman. during her life, and "upon the further trust that upon the decease of the said Eliza Ann, the said William Broadwell shall and will convey and deliver the said estate, real and personal, and all the increase in his hands, to the right heirs then

living of the said Eliza Ann, which said conveyance     *     *     *
shall be in fee with the proper words of perpetuity to vest
an estate of inheritance;" the trustee was also authorized
to sell and dispose of the property and invest the proceeds in
other real estate or securities if he thought best. The real
estate described in the complaint was owned by Miller at his
death, and thereafter it was occupied by Mrs. Vrooman as the
third, or part of the third, of which she was entitled to the
rents and profits under the will. On or about the 17th of
January, 1879, the plaintiff, upon the procurement of the
defendant Henry J. Vrooman, and upon his statement that
Mrs. Vrooman owned the property, loaned to her $1,000,
taking from her a mortgage on the said premises bearing date
January 1, 1879, and payable, principal in three years, interest
annually. Mrs. Vrooman died June 22, 1879; her heirs were
the defendants Henry J. Vrooman and Helen Reynolds. The
true state of the title was unknown to the plaintiff at the time
she took her mortgage. Upon its becoming know to her, an
application on her behalf was made to the defendant Vroo-
man to give her security upon his interest in the premises; he
thereupon executed an agreement in writing under seal, by
which he covenanted and agreed with plaintiff that her mort-
gage should be a lien on the property as against himself
and his heirs, and that he would pay the said sum of $1,000
and interest. This instrument was acknowledged, but not in
form to entitle it to be recorded. It was, however, on the
18th of March, 1880, left in the clerk's office for record, and
was recorded in the book of assignments and satisfactions.
Soon after July 31, 1880, it was also entered in a book of
mortgages, but not in its regular order. The summons in this
action was served on the defendant Vrooman, on the 15th or
18th of July, 1880. A notice of pendency was filed on July
31, 1880, but no complaint was filed prior to May 9, 1881.
After the commencement of the action the defendant Vroo-
man, by warranty deed dated July 19, 1880, acknowledged
July 28, 1880, and recorded July 30, 1880, conveyed all his
interest in the premises to the defendant Eben C. Reynolds,

for the consideration, as therein expressed, of $3,000. As part of the consideration said Reynolds agreed to pay certain debts of his grantor amounting to $860. Subsequently said Reynolds was brought in as a party; he purchased in good faith and without notice of the agreement between his grantor and plaintiff; he received such notice, however, before payment of the debts he had so contracted to pay. The complaint was dismissed as to defendant Helen Reynolds. Judgment was rendered against Vrooman for the amount of the original mortgage, and against Eben C. Reynolds for the $860 and interest.

*E. D. Matthews* for appellants. The defendant, Eben C. Reynolds is a *bona fide* purchaser, without notice, and is entitled to the protection of the Recording Act. (*Warren* v. *Wilder*, 114 N. Y. 209; *Sargent* v. *E.*, etc., *Co.*, 46 Hun, 19; *Seaman* v. *Hasbrouck*, 35 Barb. 151, 155; *Lawrence* v. *Fox*, 20 N. Y. 268; *Merritt* v. *Millard*, 3 Abb. Ct. App. Dec. 291; *Williams* v. *Shelly*, 37 N. Y. 375; *Turner* v. *Jaycox*, 40 id. 474; *Barker* v. *Bucklin*, 17 N. Y. 49; *Westfall* v. *Parsons*, 16 Barb. 645; *Beveredge* v. *N. Y. E. R. Co.*, 112 N. Y. 1; *Gold* v. *Phillips*, 10 Johns. 412; *Elwood* v. *Monk*, 5 Wend. 235; *Benedict* v. *Driggs*, 34 Hun, 94; *S. C. P. Co.* v. *Wing*, 85 N. Y. 421; *Savage* v. *O'Niel*, 44 N. Y. 301; *Woodworth* v. *Sweet*, 51 id. 8; *Jaycox* v. *Caldwell*, Id. 395.) The alleged agreement of Vrooman, dated March 15, 1880, not having been witnessed or acknowledged according to law, could not, as against defendant Reynolds, operate to convey or transfer any interest whatever in the land. (3 R. S. 2194, § 137; *Chamberlain* v. *Sprague*, 86 N. Y. 603; *Miller* v. *Wright*, 109 id. 194; Gerard on Tit. to Real Estate, 283; *Hawley* v. *James*, 16 Wend. 61; *Dusenbury* v. *Hoyt*, 53 N. Y. 528; 8 Wait's Act. & Def. 19; *In re Wilbur*, 104 N. Y. 193; *Provost* v. *Provost*, 70 id. 145, 146; 3 R. S. [7th ed.] 2175, §§ 5, 9, 10; *Coit* v. *Rolston*, 44 Hun, 548; *Snell* v. *Tuttle*, 44 id. 324; *Moore* v. *Littel*, 41 N. Y. 66; *Miller* v. *Wright*, 14 N. Y. S. R. 814; *Manice* v. *Manice*, 43 N. Y. 364; *De Kay* v. *Irving*, 5 Den.

649; *Quin* v. *Skinner*, 49 Barb. 132; *Colie* v. *Jamison*, 4 Hun, 286; *In re Livingston*, 34 N. Y. 567; 2 Perry on Trusts, § 320.) There is no legal proof to establish the contents of the alleged agreement as against a *bona fide* purchaser. (*Edwards* v. *Noyes*, 65 N. Y. 127; *Kent* v. *Harcourt*, 33 Barb. 494; *Kearney* v. *Mayor, etc.*, 92 N. Y. 617; 1 Greenl. on Ev, § 87; *Quilter* v. *Jorss*, 14 C. B. [N. S.] 747; *Gully* v. *Bishop*, 4 Bing. 290; *Brewster* v. *Sewell*, 3 B. & Ald. 296; *Freeman* v. *Arkill*, 2 B. & C. 495; *Graham* v. *Crystall*, 2 Abb. Ct. App. Dec. 264.) The facts alleged in the complaint are not sufficient to sustain the judgment. (*Day* v. *Town of New Lots*, 107 N. Y. 154; *Truesdale* v. *Sarles*, 104 id. 164; *Wright* v. *Delafield*, 25 id. 270; *Marquat* v. *Marquat*, 12 id. 336; *Spears* v. *Mayor, etc.*, 87 id. 376; *Stevens* v. *Mayor, etc.*, 84 id. 296; *Wheelock* v. *Lee*, 74 id. 495.)

*H. J. Cookingham* for respondent. Under the will of William Miller, the title to the premises described in the complaint vested in William Broadwell, as trustee. On his death the title vested in the court, and there remains to this day. (3 R. S. 2181, § 55; Id. 2183, § 68; *Clark* v. *Crego*, 51 N. Y. 646; *McCunghal* v. *Byam*, 27 Barb. 376–407; *Glen* v. *Gibson*, 9 id. 634–638; *Hawley* v. *Ross*, 7 Paige, 103–107; Bisham on Prin. of Equity, 68; *Fellows* v. *Heermans*, 4 Lans. 230; *Sterricker* v. *Dickinson*, 9 Barb. 516; *N. Y. D. D. Co.* v. *Stillman*, 30 N. Y. 174.) The contract made by Vrooman was not "a grant in fee or of a freehold estate," for the reason that he had no such estate to grant. (*Delaney* v. *McCormack*, 88 N. Y. 174; *Bissell* v. *Morgan*, 56 Barb. 369–374.) It was not attempted by the agreement which was executed by Henry J. Vrooman to transfer a fee or freehold estate to the plaintiff, and, therefore, the agreement was valid. (*Cartwright* v. *Cady*, 21 N. Y. 243; *Power* v. *Lester*, 23 id. 527, 531; *Merritt* v. *Bartholis*, 36 id. 44; *Crew* v. *Marsh*, 54 id. 599; *Westbrook* v. *Gleason*, 79 id. 23; Mills on Eq. Mort. 1; *In re Hine*, 1 Paige, 125; *Chase v. Peck*, 21 N. Y. 581; *Payne* v.

*Wilson*, 74 N. Y. 348.) The equitable lien or right of plaintiff could not be divested or defeated by a conveyance from Henry Vrooman to a person having knowledge of the existence of such lien or right; nor by a conveyance to a person who obtained knowledge of the lien or right before he paid the full consideration. (*Weaver* v. *Barden*, 49 N. Y. 291; *Westbrook* v. *Gleason*, 79 id. 28; *Young* v. *Guy*, 87 id. 458; *Sargent* v. *E. B. A. Co.*, 11 N. Y. S. R. 68.) The court found that Reynolds had actual notice of the equitable lien of the plaintiff before he paid the full consideration for the property, and expressly refused to find that he acted in good faith. This being the case, he was bound to account to plaintiff for the unpaid balance of the consideration after obtaining knowledge of her lien. (*Weaver* v. *Barden*, 49 N. Y. 291; *Westbrook* v. *Gleason*, 79 ;id. 28; *Young* v. *Gray*, 87 id. 458; *Dows* v. *Kidder*, 84 id. 135; *Sargent* v. *E. B. A. Co.*, 11 N. Y. S. R. 68; *Claflin* v. *Gordon*, 39 Hun, 54–59; *Warren* v. *Wilder*, 114 N. Y. 209.) The complaint is broad enough to enable the court to give judgment as it deems best. (*Spears* v. *Mayor*, etc., 87 N. Y. 376; *Benedict* v. *Benedict*, 55 id. 625; *Day* v. *Town of New Lots*, 107 id. 154.) There is no exception to the admission of, or refusal to admit evidence, which, had the ruling been otherwise than it was, would have affected the result in the action. Unless such is the case the exceptions will be disregarded. (*King* v. *Whaley*, 59 Barb. 71; *In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342.)

Peckham, J. We agree with the learned General Term that upon the death of Eliza Ann Vrooman, the trust created by the will of Miller terminated. It was wholly unnecessary for the trustee to thereafter make a formal conveyance of the land to Henry J. Vrooman and Mrs. Reynolds. The duties of the trustee really terminated upon the death of Mrs. Vrooman, and the provisions of the statute that "when the purpose for which an express trust shall have been created shall have ceased the estate of the trustee shall also cease" (1 R. S. 730, § 67), rendered it unnecessary to execute the deed, so far as the vesting

of the title in the heirs of Mrs. Vrooman at her death was concerned. This seems to be so plain as not to require authority to sustain it. No amount of reasoning would make it plainer than the fact itself. The purpose for which the trust was created had ceased upon the death of Mrs. Vrooman. No further duties of an active trust nature were contemplated or required. The purpose having ceased, the statute conveys the title just as well as the trustee could do. (*In re Livingston,* 34 N. Y. 557, 567.)

We also agree with that court that Eben C. Reynolds was a purchaser of the premises in good faith and without any notice (at the time of the purchase) of the agreement of Henry J. Vrooman with the plaintiff. We disagree, however, with the General Term upon the effect of the finding of the trial court that a sum of $860 of the purchase-price of the premises purchased by Reynolds from Vrooman, was unpaid at the time he, Reynolds, received notice of such agreement. The General Term has charged Reynolds with the payment of that sum to the plaintiff. If defendant Reynolds had been under no obligation to pay the amount to anyone but Vrooman under his contract of purchase, this direction would be proper. But he had entered into a valid agreement with Vrooman at the time of the purchase, and in consideration of the transfer to him of these premises, that he would pay certain mortgages and other indebtedness of Vrooman's to a much larger amount than this sum in dispute, and hence it was a part of the agreement for the purchase of the premises that he should assume and pay these debts of Vrooman's.

It is true, as stated at the General Term, that there is no finding, in so many words, that Reynolds promised Vrooman to pay these certain debts out of the consideration for the conveyance. But the language of the finding cannot be construed in any other light than as a finding that these debts of Vrooman were assumed by Reynolds, and that he agreed to pay them as a part of the consideration money for the purchase of the premises. The language of the finding "that the consideration of the transfer from said defendant Vrooman to Rey-

nolds was made up as follows " (here is added the various sums, cash, mortgages, notes and other indebtedness, making the total of the purchase-price), can only mean that the amounts represented by the mortgages and notes were assumed by the defendant Reynolds as part of the consideration to be paid by him for the transfer of the property. It is not at all such language as would be used if the conveyance were taken simply subject to certain incumbrances, with no agreement to assume or to pay them. If there be any possible ambiguity in the language of the finding, it is made plain by the proof, for, in the testimony of Reynolds, which it would seem was uncontradicted upon this point, he swears that he assumed the payment of the mortgages mentioned in the finding, and also the note and other indebtedness therein spoken of.

A valid agreement was, therefore, made by Reynolds, by which he was bound to pay this very money to other parties, and he no longer owed it to Vrooman. This obligation was entered into before, and remained in full force and effect after he had notice of the agreement of Vrooman with the plaintiff. Vrooman himself could not discharge or release Reynolds from the obligation of the agreement (had he chosen to make the attempt) after the fact of the making of such contract had come to the knowledge of the owner of the mortgage, or the note, or other indebtedness, and it had been assented to and adopted by him. (*Gifford* v. *Corrigan*, 117 N. Y. 257.)

Certainly, no release or discharge by Vrooman, before any knowledge of the contract on the part of the owner of the mortgage or note, will be presumed in the absence of any finding upon that subject, and in the absence of any evidence upon which such a finding might be based.

To permit this judgment to stand would, therefore, subject the defendant Reynolds to the payment of the money involved therein twice over.

*Prima facie*, the agreement in evidence was a valid and subsisting contract by which the defendant Reynolds was bound to pay the amount of these debts to the various owners of them, and a payment to the plaintiff of the sum directed by

this judgment, would constitute no defense to Mr. Reynolds against such obligation. If the agreement had been canceled and the defendant released or discharged from its obligations, so that he had again become liable to Vrooman for the payment to him of this money, such fact would have to be shown and could not be assumed in favor of the plaintiff.

These views lead to a reversal of the judgment.

It should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.