### ALBERE et al. v. KINGSLAND.

*(City Court of Brooklyn, General Term. March 23, 1891.)*

1. AGREEMENT TO PAY PLAINTIFFS' DEBT—CONSIDERATION—RIGHT OF ACTION.
    Plaintiffs, a mother and her two children, executed a bond and mortgage of real estate owned by them for an indebtedness of the mother. Thereafter defendant, having become indebted to the mother, agreed, in payment of his debt to her, to pay the bond and mortgage. *Held*, that on his failure to do so plaintiffs could maintain an action against him without having themselves paid the bond and mortgage.

2. SAME—PARTIES.
    The children were proper parties to such action, even if defendant's promise was made to the mother alone, and although they were strangers to the consideration; the promise being for their benefit, and the mother being under obligation to them to relieve them from the bond, and their estate from the lien of the mortgage.

3. SAME.
    Defendant could not object that the holder of the bond and mortgage, to whom he had paid interest, and thereby become liable thereon, was not made a party to the action, he not having demurred on that ground, and having also a remedy by application for an interpleader.

Appeal from special term.

Action by Charlotte Albere, George W. Albere, and Emma Jane Albere against George A. Kingsland. Defendant appeals from an interlocutory judgment overruling his demurrer to the complaint.

Argued before VAN WYCK and OSBORNE, JJ.

*Jackson & Burr*, for appellant. *A. G. McDonald*, for respondents.

VAN WYCK, J. The complaint shows that plaintiff Charlotte Albere was indebted to defendant in the sum of $500; that she and the other plaintiffs, her children, executed their bond to defendant for that amount, and executed a mortgage to secure the same on real estate owned by the three plaintiffs; thereafter the defendant assigned this bond and mortgage to one Hamlin; that thereafter defendant Kingsland became indebted to plaintiff Charlotte Albere, and in payment of this indebtedness the defendant agreed to pay this bond and mortgage so assigned to Hamlin and then due; that thereafter defendant paid the interest thereon till January 1, 1889, but has failed to pay the principal thereof, or the interest thereon, since January 1, 1889, though requested to do so. The defendant interposed a demurrer to this complaint on two grounds: "*First*, that there is a misjoinder of parties plaintiff, in that the plaintiffs George W. Albere and Emma Jane Albere have no interest in

the subject-matter of this action; *second*, that the complaint does not state facts sufficient to constitute a cause of action against the defendant." The demurrer was overruled, and from the judgment entered thereupon the defendant appeals to this court.     We will consider the second cause of demurrer first.     Defendant contends that by his absolute agreement to pay this past-due bond and mortgage he became the principal debtor to the holder of the bond and mortgage, and the plaintiffs became simply his sureties, and that sureties can only claim of their principal indemnity for the sum actually paid by them for him; that the plaintiffs have sustained and suffered no damage by the failure of defendant to pay this bond and mortgage.     To maintain this construction he cites a number of cases in which the grantee agrees with the grantor to pay mortgage debts upon the premises conveyed.     *Calvo* v. *Davies*, 73 N.Y. 211; *Pike* v. *Seiter*, 15 Hun, 402; *Comstock* v. *Drohan*, 71 N.Y. 12; *Paine* v. *Jones*, 76 N. Y. 274; *Fish* v. *Hayward*, 28 Hun, 456.     In such a case, as between such grantor and grantee the land is the primary fund for the payment of the mortgage.     The promisee is not damaged till he has been compelled to pay the mortgage debt, for the land of the promisor, and not of the promisee, is burdened with the debt.     The estate of the promisor is lessened to the extent of the mortgage debt.     But in the case before us the estate of the promisee (the plaintiffs) in the premises is lessened to the extent of the mortgage debt, which the promisor (the defendant) absolutely agreed to pay. Their damage is the amount of such outstanding mortgage debt.     These authorities, therefore, are not applicable to this case.     This agreement was not one of indemnity, but an absolute agreement to pay this bond and mortgage, and relieve the estate of the plaintiffs from the burden thereof.     It was held in *Churchill* v. *Hunt*, 3 Denio, 321–324, upon an agreement of defendant to pay the past-due note of plaintiff, that "the right of action becomes complete on the defendant's failure to do the particular thing he engaged to perform. Where the covenant is to pay the plaintiff's debt, it is enough to show that it was not paid at the stipulated time.     The plaintiff need not go further, and show that he had himself paid the demand, or been otherwise damnified by the defendant's neglect to perform his engagement.     *   *   *   The note was overdue, and, no certain time of payment being specified, the law required payment to be made immediately,—that is, on the day when the bond was given."     Kingsland agreed to pay the past-due bond and mortgage of the plaintiffs, and plaintiffs' right of action became complete on his failure to do so, without showing that they had paid the same.     In *Rector* v. *Higgins*, 48 N. Y. 532, it was held, in an agreement of defendant to pay taxes upon the lands of plaintiff, the plaintiff could recover the amount of imposed taxes without paying the same himself.     It seems to us that this cause of demurrer was properly overruled, for in this view of the law there is a good cause of action pleaded in favor of the plaintiff Charlotte Albere, if not in favor of all three.

This disposition of that ground of demurrer brings us to the consideration of the other cause of demurrer,—that the plaintiffs George W. and Emma Jane Albere have "no interest in the subject-matter of this action;" that the cause of action set up is not in their favor, but in that of the other plaintiff, the mother, alone.     The consideration of this proposition presents two questions: *First.* Whether all three of the plaintiffs were parties to this agreement of the defendant to pay their bond secured by mortgage on premises owned by all of them.     *Second.* If the mother alone was a party to this agreement, then whether, it being made by the mother and defendant for her own benefit, and partly, at least, for the benefit of her two children, they can enforce its beneficial provisions after having adopted and accepted the obligation of the agreement made for their benefit.     It will be observed that the agreement does not in express terms contain an exclusive promise to Charlotte Albere, but a promise to pay the bond and mortgage, which were made by all three of the plaintiffs on premises owned by all of them.     It being man-

ifestly for the benefit of all, it seems to us it will be assumed to have been made with all, though no promisee or promisors are expressly named. This is a fair inference, unless the circumstance that the consideration for the same appears to have been advanced by one (the mother) alone, rebuts it. We doubt very much that one could defeat a promise expressly made to three parties by showing that the consideration was advanced by one, especially where the one so advancing the consideration as between the three was morally and equitably called upon to pay the bond and mortgage made by all three on their common property, which the promisor agreed to pay. But it is not necessary to rest plaintiffs' claim upon this ground, for, assuming the mother to have been the only party to the agreement with defendant, the other plaintiffs can invoke the rule that it is legitimate for one person, for a consideration, to contract with a second to confer a benefit upon a third, which, if accepted by the third, can ordinarily be enforced by him. *Watkins* v. *Reynolds*, 123 N. Y. 218, 25 N. E. Rep. 322. The promise of the defendant was for the benefit of all the plaintiffs, for the performance thereof relieved them from the obligation of their bond, and their estate from the burden of the mortgage. They adopted it by demanding the payment thereof and by bringing this action. But the learned counsel for defendant insists that no cause of action can be spelled out in favor of the plaintiffs George W. and Emma Jane Albere, because they are perfect strangers to the consideration of the contract of their mother with defendant; to any intention of the mother to benefit them thereby; to any obligation on her part to them in respect to the thing agreed to be done by defendant; and to any privity of contract or estate between her and them involved in the subject-matter of this action. He relies largely upon certain expressions in the opinion of the court in *Vrooman* v. *Turner*, 69 N. Y. 280, but we believe the position of plaintiffs can stand the test of these expressions. The history of the transaction leading up to the contract in question, which was known to all the parties at the time the agreement was made, discloses the intent of the mother to relieve her children as far as she could from the obligation of the bond, and their land from the burden of the mortgage, in which they joined with her to secure her individual debt. She owed them the duty of contributing, even if the bond and mortgage had been given for the debt of all three, to the payment of the same one-third of the amount, but, as they were given to secure her individual debt, she was under a moral and equitable obligation to relieve them from the obligation of the bond, and their estate from the lien of the mortgage. It is by no means certain that the consideration involved in the relation of mother and children would not be sufficient to uphold the enforcement of a contract made by the mother for a valuable consideration with another person for their benefit in an action by them against such other person. The subject-matter of this action cannot be distinguished from the subject-matter of the contract in question, viz., this bond and mortgage, which defendant agreed to pay and satisfy. All the plaintiffs are interested in the performance of the contract by defendant, by virtue of being liable on the bond, and having their estate incumbered by the mortgage, and they are under mutual obligations to each other to pay this bond and mortgage equitably as between themselves. Defendant suggests that Hamlin, the holder of the bond and mortgage, has accepted the benefits of this contract by receiving the interest up to January 1, 1889, from the defendant, and that he is liable to Hamlin thereon, under the rule of *Gifford* v. *Corrigan*, 117 N. Y. 257, 22 N. E. Rep. 756; that Hamlin should be made a party or he (defendant) might be compelled to pay the amount twice if plaintiffs did not pay the bond and mortgage. The answer to this is that he has not demurred on the ground of defect of parties defendants. He could also relieve himself from any danger in that respect by an application for an order of interpleader under Code of Civil Procedure, § 820. This objection, that there is a hardship and risk attending the recovery of a

judgment without prepayment of the same by the promisee, has already been passed upon in *Rector* v. *Higgins*, 48 N. Y. 533, in which the court said "this objection is not substantial." See, also, *Furnas* v. *Durgin*, 119 Mass. 500. For these reasons we are of the opinion that the judgment must be affirmed, with costs, though with leave to defendant to answer the complaint herein within 20 days after service of the order of affirmance, upon payment of costs.