(16 Misc. Rep. 313.)

### NORTRIP v. HERMANS.

(Onondaga County Court.   March, 1896.)

1. PAROL EVIDENCE—TO SHOW CONSIDERATION OF WRITTEN CONTRACT.
   Parol evidence is admissible to show the consideration of a written assignment of a contract for the purchase of land.

2. CONTRACTS—CONSTRUCTION.
   Plaintiff assigned a contract for the purchase of land to defendant, who, in consideration thereof, agreed to make the payments to the vendor as they became due under the contract.   *Held* that, by such agreement, defendant made the debt his own, and it was not one of indemnity only.

Appeal from justice court.

Action by Hannah A. Nortrip against Minnie E. Hermans to recover payments due on a contract for the purchase of land by plaintiff from one Snavlin, which contract plaintiff assigned to defendant. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

George G. Munger, for appellant.
S. D. Soloman, for respondent.

ROSS, J.   The plaintiff, on the 11th of March, 1893, had entered into a contract with one Charles T. Snavlin to purchase certain real property for the sum of $1,850, payable $100 down and $16 each month thereafter.   On the 5th of September, 1894, the plaintiff assigned to the defendant, by an instrument in writing, for the purported consideration of $1,633.95, which was the amount that at that time was unpaid upon the contract.   The plaintiff, upon the trial, testified as follows:   "She gave me the horse and wagon for my equity in this house and lot.   She was to take the contract and make the payments according to the contract."   This was objected to by the defendant, who also moved to strike the same out, upon the ground, with other reasons, that the agreement was merged in the assignment, and that a parol agreement was inadmissible; that no motion was made to strike out, or objection, on the ground that it stated a conclusion, or that the plaintiff should have stated the conversation, which, perhaps, was done upon the trial, and very probably the justice simply took the substance of the answer.   The defendant claims. that the judgment is erroneous because, with other reasons, of the improper admission of the above evidence, and upon the further ground that, if a cause of action exists against the defendant, it belonged to Snavlin and not the plaintiff; and more particularly that, because the plaintiff has not been called upon to pay, there is no liability; and also that the land is the primary fund, and should be first exhausted.

Contrary to my impression at the time of the argument, I think the judgment should be affirmed.   The evidence was properly admitted, and actual consideration may be shown by parol.   Wheeler v. Billings, 38 N. Y. 263;  Hebbard v. Haughian, 70 N. Y. 54;  Baird v. Baird, 145 N. Y. 665, 40 N. E. 222.   See, also, Batterman v. Pierce, 3 Hill, 171;  Juilliard v. Chaffee, 92 N. Y. 529.   If defendant is liable at all, she is liable upon the following promise: "She was to take the contract, and make the payments according to the contract."   By this agreement the defendant made the debt her own, and not one of indemnity only, which is not payable until the plaintiff has paid. "The defendant is not at liberty to say that the debt is plaintiff's. Let him first pay it, and he will pay him.   It is his own debt, made so by the terms of his contract."   Churchill v. Hunt, 3 Denio, 321;  Rector, etc., v. Higgins, 48 N. Y. 532, 535, 536;  Belloni v. Freeborn, 63 N. Y. 384;  Kohler v. Matlage, 72 N. Y. 266;  Bank v. Bigler, 83 N. Y. 52;  Albere v. Kingsland (City Ct. Brook.) 13 N. Y. Supp. 794;  Maloney v. Nelson, 144 N. Y. 187, 39 N. E. 82.   The case of Slauson v. Watkins, 86 N. Y. 597, and other similar cases, are all cases of indemnity solely.

Judgment affirmed, with costs.