### FARMERS' LOAN & TRUST CO. v. PENDLETON.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

ABATEMENT AND REVIVAL—TRANSFER OF INTEREST—DEVOLUTION OF LIABILITY.

A substituted trustee of a testamentary trust to pay the income of certain property to a beneficiary for life, and at his death to pay the principal to his lawful issue, in default of issue the principal to become a part of the residuary estate, sued the executrix of the executor, acting as trustee, for an accounting. Pending the suit, the beneficiary died without issue. *Held* that, as the substituted trustee remained under the duty to collect and hold the trust fund until it could be paid over to the parties entitled thereto, the claim for an accounting, notwithstanding the death of the beneficiary, continued under Code Civ. Proc. § 756, providing that, if an interest be transferred or liability devolved, the action may be continued unless the court directs substitution or joinder, and the court was not authorized to order that the action could not proceed unless revived by the legal representatives of the beneficiary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 226–236.]

Appeal from Special Term.

Action by the Farmers' Loan & Trust Company, as substituted trustee under the will of William S. Pendleton, deceased, against Jennie F. Pendleton, as executrix of the will of John M. Pendleton, deceased, sole surviving trustee under the will of William S. Pendleton, deceased. From an order directing that the action cannot proceed, unless revived by the legal representatives of John W. Pendleton, deceased, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles K. Beekman, for appellant.

John F. Miller, for respondent.

SCOTT, J. This action is brought by plaintiff as substituted trustee in place of John M. Pendleton, deceased, against the latter's executrix to obtain an accounting for certain sums for which, as it is claimed, the deceased trustee was properly accountable. The trust of which John M. Pendleton was formerly, and plaintiff now is, trustee, was created by the third clause of the will of William H. Pendleton, deceased, whereby a sum of money was given to the testator's executors (of whom John M. Pendleton alone qualified) to invest and hold during the lifetime of George R. Pendleton, paying the income to him, and at his death to

pay the principal sum over to his lawful issue, with a provision that in default of such issue the principal sum should fall into the residuary estate.  John M. Pendleton, the executor trustee, having died, the plaintiff was substituted as trustee in his place by order of this court, and instituted this action.  An interlocutory judgment was obtained, which, however, was reversed, and a new trial ordered.  Pending the appeal George R. Pendleton, the cestui que trust, died, and defendant, under leave of the court,. interposed a supplemental answer setting forth the fact of George R. Pendleton's death, that he left no lawful issue, and that under the will of William H. Pendleton, deceased, the principal of the trust fund thereupon fell into the residuary estate, in which plaintiff has no interest, but that defendant, being a legatee of John M. Pendleton, deceased, one of William H. Pendleton's residuary legatees, is entitled to a portion of said residuary estate, and does not wish this action to be further prosecuted.

When the cause came on for a retrial, and all the evidence had been taken, the court of its own motion, without any motion on the part of either party, and without any substitution of parties, and without any objection from either party as to the court's jurisdiction, entered the order appealed from, which declared that the action could not proceed unless it be revived by the legal representative of the cestui que trust, George R. Pendleton, deceased, and restored the cause to the general calendar for such action as the parties may decide to take regarding the further prosecution of the case.  In taking this course the court, as appears by its opinion, considered that upon the death of the cestui que trust the trust terminated, and the power of the trustee came to an end, and consequently that the plaintiff was without legal capacity to continue the action, or, as the opinion stated, that "as the action now stands there is no plaintiff."  In reaching this conclusion the court seemingly relied upon Miller v. Wright, 109 N. Y. 194, 16 N. E. 205, which was an action for the partition of real estate, wherein it was held that upon the death of the cestui que trust the title to the real estate passed at once from the trustee to the remaindermen, so that no effectual judgment of partition could be made without their presence.  If the present were an action affecting real property, in which the question of present ownership was involved, the authority relied upon would be controlling; but no such question is presented.  The subject-matter of this action is a claim to money.  That claim still exists, notwithstanding the death of the cestui que trust, and the cause falls directly within the provision of section 756 of the Code of Civil Procedure, which provides that:

"In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, unless the Court directs the person to whom the interest is transferred, or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires."

See Hegewisch v. Silver, 140 N. Y. 414, 35 N. E. 658.

It is not strictly accurate to say that upon the death of George R. Pendleton the trust absolutely terminated, in the sense that the plaintiff at once ceased to occupy the position of trustee.  It was still under the duty to collect and hold the trust fund until it could properly be

paid over to the parties entitled to receive it, and until this had been done the legal title remained in the trustee. Since neither party moved for the substitution or addition of parties, the court was not called upon to act, but should have proceeded with the cause.

It follows that the order must be reversed, without costs to either party, leaving the action to be disposed of in the court below. All concur.