Henrietta G. Brush, Appellant, *v.* Minnie Rothschild, Respondent.

Second Department, February 21, 1919.

Appeal — effect of recital in record that both parties move for direction of verdict — effect of decision upon prior appeal — adverse possession — evidence — equitable conversion — election to take land — real property — action for breach of covenant of seizin — effect of record in foreclosure action between same parties.

A recital in a judgment that each party moved for a direction of a verdict at the close of the entire case is binding on the appellate court, especially where said recital appears to accord with the rest of the record.

Where each party moves for a direction of a verdict in his favor at the

close of the entire case, the successful party, that is the one in whose favor the verdict is actually directed, is, upon appeal, entitled to the benefit of every fact in his favor which upon the evidence the jury might have found proven.

The decision of the Appellate Division upon a prior appeal constitutes the law of the case for retrial in the lower court, and in general will be accepted in the appellate court upon a later appeal as of like effect.

In an action for an alleged breach of a covenant of seizin contained in a deed by the defendant to the plaintiff, evidence *held* to warrant a finding that those who had the paper title under which defendant claimed had for forty years held and possessed the land adversely to any other claim, and that such adverse possession fulfilled the requirements of section 370 of the Code of Civil Procedure.

A prior decision of the Appellate Division reversing a judgment for the defendant *held* to have been made upon the ground that it was not proven that defendant had succeeded legally to her father's title, and not upon the ground that good title had not been established by proof of adverse possession.

Since the terms of the will of the defendant's father as to the trust estate constituted an equitable conversion of the land into money, but the trustees had not made the conversion and it was their duty to pay over the entire estate to the defendant at once, and since there were no debts of the testator remaining unpaid, the defendant was entitled to elect to take the land, and it seems that her deed to the plaintiff constituted such an election.

The prior decision of the Appellate Division did not decide that the defendant could not elect to take the land because it was not disclosed by the record that the duties of the trustees, except to turn over the estate to her, had ceased.

The record of a foreclosure action by the defendant in this action against the plaintiff herein, in which it was alleged in the complaint that this defendant had good title, does not justify a finding upon this trial that defendant had good title when she gave the mortgage, as the allegations in the complaint were immaterial.

Under all the circumstances, the trial court was fully warranted in finding that defendant's father and thereafter the trustees under his will up to the death of her mother had good title to the land in question, and that when defendant conveyed to the plaintiff she had succeeded both legally and equitably to that title, and that, therefore, there was no breach of her covenant of seizin.

APPEAL by the plaintiff, Henrietta G. Brush, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 24th day of November, 1917, upon the verdict of a jury rendered by direction of the court.

*I. Newton Williams* [*Frank A. Doyle* with him on the brief], for the appellant.

*P. L. Housel,* for the respondent.

MILLS, J.:

The action was brought to recover damages for the alleged breach of the covenant of seizin contained in a deed by the defendant to the plaintiff of certain lands in Suffolk county, dated February 29, 1912, the full consideration price of $9,000, with interest, being demanded as damages.

The material undisputed facts are the following:

The tract purported to be conveyed by the deed, which contains about one hundred acres, consists of parts of lots Nos. 18, 19 and 20 of the Brookfield partition, by which Brookfield parish (so called) in the town of Brookhaven, Suffolk county, was partitioned in 1793. A substantial part of the tract is included within said lot No. 19, which in that partition was allotted to one George Covit. From that time down to 1842 no record or other proof of devolution of title to that lot, or of its actual possession, appears. Deeds of the lot, or the portions thereof involved here, made in 1842, appear in this record, but there is no proof of any connection between the grantors·in those deeds and the said Covit. From those deeds the record title by clear proof descended to the defendant's father, Hugo Rothschild, by deed to him dated· March 29, 1887. He died November 14, 1899, leaving his widow and his daughter, the defendant. By his will, which was duly probated, he left those premises to his executors, as trustees, with full power of sale, in trust to invest the same, *i. e.*, the proceeds, during the lifetime of his wife and to pay over to her semi-annually the income thereof for her support and that of the child, and at her death, provided the child (the defendant) should survive her and be twenty-five years of age or more, to pay over to the defendant the entire principal. The widow died October 16, 1911, and the defendant was then over twenty-five years of age. On·March 25, 1912, defendant executed and delivered to the plaintiff a full covenant warranty deed, dated February 29, 1912, of the premises for the consideration of $9,000, made up of $4,500, the estimated value

of other real property which plaintiff conveyed to defendant, and a purchase-money mortgage for $4,500, which plaintiff gave back to defendant upon the premises so conveyed by defendant to plaintiff. Shortly afterwards plaintiff attempted to sell some of the land and evidently found that her title was questioned. However, she was not evicted and her title was not otherwise disputed. She brought this action in November, 1914. In May, 1917, defendant began against the plaintiff and others an action to foreclose the said mortgage for non-payment. The complaint in that action contained an allegation that the said Hugo Rothschild died seized of the premises, and that on December 20, 1911, the surviving trustees under the said will executed and delivered to the defendant a deed of said premises, she being then over the age of twenty-five years. Although summons and complaint were personally served upon the plaintiff, she entirely defaulted. The usual reference was had and the referee found and reported that the said allegations in the complaint were true; and judgment of foreclosure and sale was entered August 30, 1917. Under that judgment sale was duly made and the plaintiff dispossessed.

This action was first tried in May, 1915, and resulted in a verdict for defendant by direction of the court. The plaintiff duly appealed to this court and such appeal resulted, December 1, 1916, in reversal and direction for a new trial. Our memorandum of decision states: " The proofs of the defendant indicate that she had no legal seizin at the time she made the covenant in question. Whether she had an equitable title, and whether a title of that character is sufficient to comply with the covenant, has not been discussed by either party to this appeal." (176 App. Div. 881.)

In November, 1917, defendant interposed a supplemental answer, in which she pleaded the foreclosure action. In her amended answer, verified December 19, 1914, she alleged title in her father by adverse possession, and that defendant had good title and was seized when she conveyed to plaintiff as aforesaid. The defendant's title to the other portions of the premises, not included in said partition lot No. 19, appears to be unquestioned.

The appellant presents here two main contentions, viz.:

(a) That defendant's father did not have title to the portion of the premises which lay within the limits of said partition lot No. 19; and (b) that, even if her father at his death had title to that portion of the premises, that title was in the trustees under his will and not in the defendant when she made her purported deed thereof to the plaintiff. The appellant presents also the two following subsidiary contentions, viz.: (c) That the decision of this court upon the former appeal sustained each of her said main contentions; and (d) that the verdict, having been directed below upon motion of the defendant alone, that is, plaintiff not having at the same time moved for a verdict in her favor, the verdict so directed can be sustained here by no fact which was upon the evidence controverted.

It is well, perhaps, to consider and dispose of the subsidiary claims first. As to the direction of the verdict, the record shows that when the defendant rested the plaintiff moved for a direction of a verdict in her favor. No express determination of that motion appears to have been made, although the motion was not in terms withdrawn. After that motion was made, defendant's attorney read to the jury " the evidence of the various witnesses offered," whose testimony related chiefly to the occupation of the premises and had been introduced evidently to establish title by adverse possession. At the conclusion of that reading both sides rested and defendant's counsel moved for a direction of a verdict in her favor. Discussion was had, in which plaintiff's counsel advanced his argument that the prior decision of this court had determined the case, which view of course would require a direction in plaintiff's favor, and he did not ask that any question be submitted to the jury. The court, at the conclusion of the discussion, granted the defendant's motion for a direction and very likely considered that that was, by necessary implication, a denial of the plaintiff's such motion. In reply to this claim by appellant, respondent avers that the testimony so read by her trial counsel was all testimony received at the first trial and was read from the printed appeal book thereon, and the record appears to support the assertion and to show that such evidence had been offered at this trial and received before defendant rested and plaintiff made her motion for a direction of a verdict. Moreover, the judgment itself recites

Second Department, February, 1919.      [Vol. 186.

that each party moved for a direction of a verdict at the close of the entire case, and I think that we are here bound by that recital, and, moreover, that recital appears to accord with the rest of the record. By papers outside of the printed record and submitted to us upon the argument, it appears that since the filing here of that record the plaintiff moved before the trial justice at Special Term to amend the judgment by striking therefrom the recital that plaintiff moved for a direction of a verdict at the end of the case, and that the court at such Special Term denied that motion. Therefore, I conclude that the rule applies, that as each party moved for a direction of a verdict in his favor at the close of the entire case, the successful party, that is, the one in whose favor the verdict was actually directed, is upon the appeal here entitled to the benefit of every fact in his favor which upon the evidence the jury might have found proven.

As to the other subsidiary contention, that our decision upon the prior appeal established the law of the case and is decisive in the appellant's favor upon this record, it is of course elementary that the decision of the appellate tribunal upon a prior appeal constitutes the law of the case for the retrial in the lower court, and that in general it will be accepted here upon a later appeal as of like effect. In this record, however, there appears some evidence additional to what appeared in the former record. Those new proofs are thus summarized in the respondent's brief, and I think correctly: (a) The age of the defendant at the death of her mother; (b) the testimony of William S. Robinson as to occupancy; (c) the judgment roll in the foreclosure action, and (d) the trustees' deed to the defendant.

It is to be noted that the testimony of said Robinson is the only additional evidence upon the subject of adverse possession by the defendant or her predecessors in record title. While that new evidence was perhaps merely cumulative to the evidence upon the same point in the former record, yet it seems to me that all of the evidence upon the subject did warrant a finding by the trial tribunal, court or jury that those who held the paper title, under which defendant claimed, had for forty years held and possessed the land adversely to any other claim under the Covit title or otherwise, and that

such adverse possession fulfilled the requirements of section 370 of the Code of Civil Procedure. The new testimony of said Robinson showed that prior to 1872, for fully twenty years, his father had possessed the land in question under a deed purporting to convey the southerly part of the tract, and farmed a portion of it and cut wood off of the rest, and that in 1872 the witness, having taken that part under his father's will, bought the other part and under his deed of that built a house upon it, cleared several acres and planted corn and other crops thereon; and that such occupation and user extended down to the giving of the deed by defendant to plaintiff. To my mind that proof was ample to warrant a finding of title in defendant by adverse possession when she made her deed to the plaintiff, assuming that she had succeeded to her father's title. I do not think that our previous decision should be regarded as having been placed upon the ground that good title had not been established by such proof of adverse possession, but rather upon the ground that it was not proven that defendant had succeeded legally to her father's title. Such appears to me to be evident from our memorandum of decision. There are no end of titles in this country which cannot by record now be traced back of 1842, and it would be a sorry matter if every such title could be rejected as defective. Therefore, I conclude as well that the appellant's first main contention as above stated is not well made.

As to the appellant's second main contention, namely, that when the defendant conveyed to the plaintiff the title was in the trustees under her father's will and not in her, I conclude also that that is not sustained. Under the will of defendant's father, upon the death of his widow, which event occurred October 16, 1911, it was the duty of the trustees thereunder to pay over the entire estate to his daughter, the defendant, at once, she then being upwards of twenty-five years of age. No doubt the terms of the will as to the trust estate constitute an equitable conversion of the land into money, but the trustees had not made that conversion actual, as they had not sold the land. The father had died in 1899, twenty years before, and there is no intimation in the record of any likelihood that any of his debts remained unpaid or

still vital. Under those circumstances I cannot perceive why the defendant could not then elect to take the land, which was really the trust estate or fund, no actual conversion thereof having been made by the trustees, or why, if any record evidence of her such election was needed, her deed to the plaintiff, which was acknowledged March 25, 1912, did not constitute both such election and such record evidence, so that there was upon the giving of that deed no breach of its covenant of seizin. This view of the law seems to me to be well sustained by undoubted authority. (*Watkins* v. *Reynolds,* 123 N. Y. 211; *Greenland* v. *Waddell,* 116 id. 234, 246; *Mellen* v. *Mellen,* 139 id. 210, 220.)

Upon this point it remains to be considered whether or not our prior decision did not decide this question in the other way. I do not so regard that decision. The record upon that former appeal did not disclose the important fact that defendant, when she made her deed to the plaintiff, was over twenty-five years of age, so that the duties of the trustees, except to turn over the estate, had ceased. That fact is a necessary basis to the conclusion above reached.

Moreover, I think that it was competent for the trial court, exercising the functions of the jury, to find that the deed in evidence by the trustees to the defendant, dated December 20, 1911, was actually delivered to defendant's then attorney for her benefit before she made her deed to the plaintiff. It is true that the testimony of the plaintiff's handwriting expert, that in his opinion the signature of trustee Sidenberg and that of the commissioner of deeds upon the acknowledgment had been made within one year then (November 20, 1917) last past, and the fact that the deed was not produced or accounted for on the former trial, as against the testimony of that trustee that he did sign the deed about the time of its date, and the defendant's testimony that this deed was actually delivered to her a few months before the trial by the attorney who represented her in the closing of the estate and upon her sale and conveyance to plaintiff, warranted a finding by the jury that the deed was not completed as a valid conveyance until within one year before this the last trial; yet I think that the evidence did not compel that finding, but that it was, upon the whole,

such that a finding either way upon that question would have to be sustained here.   The trustee Frank, who unquestionably executed the deed at or about its date, as I understand the record, acted as defendant's attorney in the matter of her sale and deed to the plaintiff, and, therefore, the deed, if then executed, was, even while in his possession, in effect delivered to her.   Frank was examined as a witness upon the reference in the foreclosure action and there testified, in effect, that the deed was executed by both trustees at or about its date, and that he at the time understood that it was to be delivered to defendant by either his managing clerk or his cotrustee.   Defendant at this trial testified that she received it from Frank in May, 1917.   He was not called as a witness at this trial, or, so far as I find, was his absence accounted for, and I cannot see that his testimony upon that reference was competent evidence here.   The judgment roll in that foreclosure action, containing that testimony, was received in evidence over plaintiff's objection and exception. Evidently it was received in support of the plea of bar by that foreclosure set up in the supplemental answer.   Even treating such testimony of Frank as not in the case, as I think we should treat it, I am still of the opinion above expressed. Moreover, it seems to me that plaintiff's case, at least so far as the question of a conveyance to the defendant by the trustees is concerned, is without any substantial equity.   Doubtless if, when as plaintiff claims her title was questioned, she had requested a conveyance from the trustees to the defendant, which under the covenant of warranty would have inured to her benefit, such conveyance would then readily have been given.

The learned counsel for the respondent argues further that the foreclosure record in itself justified a finding upon this trial that plaintiff had good title when she gave the mortgage.   To that contention the learned counsel for the appellant replies that the allegations in the complaint in the foreclosure action, to the effect that defendant had good title, were immaterial and that, therefore, the purported determination thereof in that action in favor of the defendant in this action is not binding upon the parties herein.   I

think that such reply is sustained by elementary principles and must be regarded as sufficient.

My conclusion, therefore, is that the trial court was fully warranted in finding that defendant's father and thereafter the trustees under his will, up to the death of her mother, had good title to the land in question, and that when defendant conveyed to the plaintiff she had succeeded both legally and equitably to that title, and that, therefore, there was no breach of her covenant of seizin.

Hence I advise that the judgment appealed from be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and KELLY, JJ.

Judgment unanimously affirmed, with costs.