In the Matter of the Estate of MARY N. BALDWIN, Deceased.

Surrogate's Court, New York County, January, 1923.

**Transfer tax — trusts — equitable conversion of real estate — effect of election by remaindermen to take property as realty.**

A non-resident decedent died in 1921. By the will of her grandfather, who died in 1879, certain real property within this state was devised to three trustees in trust to pay the income during the lives of two of the trustees to four of testator's children, with direction that upon the death of the survivor of said two trustees " to sell the said lands and tenements so held in trust or such part thereof as may then remain unsold and divide the proceeds of the sale among my said children then living and the issue of any deceased child or children." The last surviving trustee died in 1917, and no substituted trustee was appointed. *Held*, that an equitable conversion of the real property into personalty was effected by the direction to sell, though the premises had not been sold.

Upon the termination of the trust the title in fee at once vested in the remaindermen without any conveyance or any other necessary act on the part of a trustee, and as by the affirmative acts of the remaindermen there was an election to reconvert the trust property into realty. the value of decedent's undivided one-quarter interest therein was subject to a transfer tax.

MATTER OF MARY N. BALDWIN. **227**

Misc. 226]     Surrogate's Court, New York County, January, 1923.

APPEAL from an order fixing the transfer tax.

*Emmet, Marvin & Roosevelt* (*Thomas A. S. Beattie* and *Joseph F. McCloy*, of counsel), for executors.

*Lafayette B. Gleason* (*Schuyler C. Carlton*, of counsel), for State Tax Commission.

FOLEY, S.   The executor of decedent's estate appeals from the order fixing the transfer tax on the ground that the appraised value of a one-quarter interest in certain real property in this state has been included among the assets.

The decedent, a non-resident, died November 11, 1921.   Her grandfather, who died in 1879, left a will in which he gave to three trustees the real property involved in this appeal, in trust, to receive and pay out the income, during the lives of two of the trustees, to four of his children.   The will further directed upon the death of the survivor of the two trustees " to sell the said lands and tenements so held in trust or such part thereof as may then remain unsold and divide the proceeds of the sale among my said children then living and the issue of any deceased child or children."   The last surviving trustee died September 18, 1917. No substituted trustee was appointed.   No sale of the premises has been had.   An equitable conversion into personalty was effected by the direction to sell in decedent's will.   *Lawrence* v. *Littlefield*, 215 N. Y. 561, 573.

I think it must be held under the authorities that the remaindermen elected by their affirmative acts to take the trust property as real estate and thereby a reconversion was effected.   At the time of the termination of the trust in 1917 one of the remaindermen was an infant.   He became of age in 1919, and thereafter acquiesced in the course of business which had been established by the tenants in common after the termination of the trust.   For a period of four years the rents were collected by an agent of the tenants in common and were distributed *pro rata* to the various parties interested. Strong confirmation of this election to treat the property as realty, freed from the power of sale, is found in the petition in the transfer tax proceeding, where the executor of this decedent stated that the decedent died seized and possessed of an undivided one-fourth interest in the real property in question.   It was further stated that the property had vested in the children and their issue on September 18, 1917, and the amount of unpaid rents at the time of death was set forth as an asset.   The contention now made by the executor is clearly an afterthought and contrary to the facts of ownership.   Upon the termination of the trust the title in fee at once vested in the remaindermen named in the will without any

conveyance or other necessary act on the part of a trustee.   Real Prop. Law, §§ 92, 93, 109; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Townshend* v. *Frommer*, 125 id. 446, 461; *Fogarty* v. *Stange*, 72 Misc. Rep. 225; *Matter of Finck*, 103 id. 526; *Matter of Murray*, 124 App. Div. 548; *Cary* v. *Carman*, 116 Misc. Rep. 463.   While a substituted trustee might have been appointed for convenience in conveying title to the property, or for distribution of the proceeds, no application for such appointment has been made by any of the remaindermen.

Under the authorities cited and the special circumstances in this estate, an election to reconvert has been established and the transfer is taxable.   The report of the appraiser is correct and the appeal is overruled.   *Trask* v. *Sturges*, 170 N. Y. 482, 497; *Mellen* v. *Mellen*, 139 id. 210, 220; *Prentice* v. *Janssen*, 79 id. 478; *Brush* v. *Rothschild*, 186 App. Div. 857, 864.

Submit order accordingly.

Ordered accordingly.