In the Matter of the Judicial Settlement of the Account of Proceedings of ROBERT LIVINGSTON BEECKMAN and Others, as Trustees, etc., of SAMUEL THOMAS, Deceased.

ROBERT F. WAGNER, as Special Guardian of SAMUEL F. THOMAS and Other Infants, and Others, Appellants; JOSEPH H. DODSHON and Others, Respondents.*

First Department, February 14, 1930.

*Revg. 133 Misc. 601.

*Robert F. Wagner*, special guardian [*Simon H. Rifkind* with him on the brief], for the appellant.

*John McKim Minton, Jr.*, of counsel [*Edwards, Murphy & Minton*, attorneys], for the appellant Robert Livingston Beeckman.

*John F. Couts* of counsel, for the appellant Elisabeth R. Thomas.

*William W. Blatchford, Jr.*, of counsel [*Henry Wollman* and *Robert G. Starr* with him on the brief], for the respondent Joseph H. Dodshon.

MERRELL, J. The decree appealed from must be reversed as unauthorized in law.

Samuel Thomas, the testator, died a resident of the city and county of New York on January 11, 1903, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court of New York county on March 26, 1903, and letters testamentary thereon were, on the day following, issued by said Surrogate's Court to Ann Augusta Thomas, the widow of testator, Edward R. Thomas, Eleanor T. Beeckman, formerly Eleanor Nancy Thomas, and to George MacCulloch Miller, the executors and trustees named in said will. Said executors and trustees duly qualified and entered upon the discharge of their duties. Under the terms of the will of said testator, after a bequest to testator's widow of the furniture, horses, carriages, etc., of the testator, four separate trusts were set up. By the 1st trust the testator directed that his executors and trustees, from the residue of his estate, invest sufficient thereof to yield an annual income to the widow of the testator of $100,000, payable to her in quarter-yearly installments. The 2d trust provided in the will directed that the executors and trustees invest the sum of $100,000 and collect the income received therefrom and pay the same over in quarter-yearly installments to Harold E. Thomas, a son of the testator, for his maintenance and support during his lifetime. By the 3d clause of the will of the testator he provided that the residue and remainder of his estate, beyond the two trusts mentioned for the benefit of the widow of the testator and the son Harold, be divided into two equal parts, one for the benefit of testator's son Edward R. Thomas, and the other for the benefit of his daughter Eleanor Nancy Thomas. By the 4th clause of the will the testator provided that from the one-half of the residue set apart and held for the benefit of the testator's son Edward R. Thomas, the income be collected and paid over to the son Edward in equal quarter-yearly installments so long as said son should live, " and upon the death of my said son, to divide and set apart such share so held in trust for my said son into as many equal parts or shares as my said son shall leave a

child or children and issue of a deceased child him surviving, and to pay over one of such parts or shares to each of such children and to the issue of any deceased child, such issue to count as one and to have set apart and take among them the share or portion their parent would have taken if alive, *per stirpes* and not *per capita* equally." By the 5th clause of the will of the testator it was provided that the other half of the residuum of the estate of the testator should be held in trust for the benefit of testator's daughter, Eleanor Nancy Thomas, and the income to be paid over to her in quarter-yearly installments during her lifetime, and that upon her death the principal of the trust for her benefit should go to and be paid in equal shares to each of such children or issue of any deceased child as she might leave her surviving, *per stirpes* and not *per capita* equally.

By the 11th clause of the will of the testator it was provided that in case of the death, resignation or failure to qualify and act on the part of any of the executors or trustees or if a vacancy in their number should occur by death, resignation or failure to qualify and act, the remaining executors and trustees should by an instrument in writing duly executed by all of them for the purpose, appoint another executor or trustee to fill such vacancy. After the death of the testator several changes were made in the personnel of the executors and trustees under said will. Upon the death or resignation of a trustee the surviving trustees appointed successors in the manner prescribed in the 11th clause of the testator's will. The son of the testator, Edward R. Thomas, died on July 6, 1926. Prior to and at the time of his death the various trusts under the will were administered by four trustees, namely, the said Edward R. Thomas, and by Elisabeth R. Thomas and Robert Livingston Beeckman, who had been appointed substituted trustees, and by the said Ann Augusta Thomas. By the death of Edward R. Thomas, who was not only a trustee but the beneficiary under said trust under the will of the testator, it became necessary, under the terms of said will, to appoint a substituted trustee in his place. Thereupon, by an instrument in writing duly executed by the said surviving trustees and dated October 13, 1926, the said trustees appointed Joseph H. Dodshon as executor and trustee to fill the vacancy caused by the death of the said Edward R. Thomas. Thereafter an accounting was had by the executors and trustees under the will of testator and on May 1, 1928, a decree was entered in the Surrogate's Court of New York county settling the account of said executors and trustees. Subsequently application was made by and in behalf of the substituted trustee, Joseph H. Dodshon, appointed trustee in place of Edward R.

Thomas, deceased, for an allowance to him of commissions upon the accounting of the trustees upon the moneys received and paid out upon the accounting of the said trustees with reference to said trust.

The decree appealed from, modifying the original final decree on the accounting was entered in the Surrogate's Court on April 24, 1929, directing that the trustees, out of principal of the trust for Edward R. Thomas in their hands, pay to Joseph H. Dodshon the sum of $61,114.62 as and for his commissions as trustee of said trust for receiving the sum of $4,098,934.15 principal and paying out the sum of $4,047,680.55 principal, and, further, that the said four trustees, out of the income in their hands in the trust of Edward R. Thomas, pay to said Joseph H. Dodshon the sum of $5,601.15 as and for his commissions as trustee of said trust for receiving and paying out the sum of $372,410.27 income. Thus, the decree appealed from allowed Dodshon, who, after the death of Edward R. Thomas, had been appointed as substituted trustee, the sum of $66,715.77.

It is very clear there was no authority whatever for allowing any commissions to the substituted trustee, Dodshon, upon either the principal or the income of the Edward R. Thomas trust. It is entirely clear that the allowances made would be in part at the expense of the executors and trustees surviving at the time of the death of Edward R. Thomas, and that about half of the commission of $61,114.62, allowed to Dodshon for receiving and paying out the principal of said trust, must be borne by the two infant remaindermen, the children of said Edward R. Thomas, deceased, who, under the terms of the will of the testator, became vested with the remainder of the said trust estate upon the death of their father, Edward R. Thomas. The professed willingness on the part of Ann Augusta Thomas, an old lady eighty years of age, that Dodshon, who was her brother-in-law, intimate friend and adviser, should receive the commission which he asks, affords no reason for permitting the allowance of such commission. The appealing executors and trustees and the special guardian of the infant remaindermen were fully justified in appealing from a decree which so materially affected their interests.

The only question involved upon this appeal is as to the status of Dodshon, as substituted trustee under said will, with relation to the trust provided for the benefit of Edward R. Thomas. Upon the death of said Thomas the trust provided for by the will of the testator terminated. Upon the death of said beneficiary the trustees had but one act to perform, and that a purely ministerial one, to account and pay over to the remaindermen as soon as might be the corpus of said trust, together with any undistributed income.

So far as their duties as trustees, with the exception of accounting and paying over, were concerned, the death of the beneficiary of the trust closed the chapter. The will very clearly provided that upon the death of the son, Edward R. Thomas, the share which had been set apart and left in trust for his benefit should be divided into as many equal parts or shares as the said Edward R. Thomas might leave a child or children and issue him surviving, and that one of said parts or shares be paid over to each of such children and the issue of any deceased child, *per stirpes* and not *per capita*, equally. Upon the death of Edward R. Thomas the remainder of the trust fund set up for his benefit automatically vested in his children and issue. It became theirs just as completely as though the testator had conveyed it to them by deed. There is no suggestion in the appointment of Dodshon, as substituted trustee under the will in place of Edward R. Thomas, deceased, that his appointment related in any manner to the trust fund for the benefit of said Edward R. Thomas. Dodshon was never appointed as trustee concerning the Edward R. Thomas trust. He could not have been so appointed as it was beyond the power of the surviving trustees to make such appointment. As to the continuing trusts under the will for the benefit of the widow, Ann Augusta Thomas, and the daughter, Eleanor, Dodshon's appointment will apply, but under such appointment he was not clothed with any authority or control over the estate of the deceased trustee.

It is suggested, in justification of the allowance to Dodshon of commissions for receiving and paying out the trust for the benefit of Edward R. Thomas, that during the administration of said trust estate he was instrumental in advising the trustees with reference thereto. If Dodshon has not been recompensed for any services he rendered the trustees for which he is entitled to be paid, he should proceed to collect for such services, but he is not entitled to an allowance of commissions by the surrogate. There can be no question as to the ending of the trust estate upon the death of the beneficiary. Under an unbroken line of decisions the estate terminated with the death of the life tenant. (*Farmers' Loan & Trust Co.* v. *Pendleton*, 115 App. Div. 506; *Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Finck*, 103 Misc. 526; *Matter of Murray*, 124 App. Div. 548; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Matter of Baldwin*, 120 Misc. 226.) Surrogate FOLEY, in his opinion in the case last cited, said: " Upon the termination of the trust the title in fee at once vested in the remaindermen named in the will without any conveyance or other necessary act on the part of a trustee." (See, also, *Matter of Easterly*, 202 N. Y. 466; *Phœnix* v. *Livingston*, 101 id. 451, 457.)

Section 109 of the Real Property Law provides that " When the purpose for which an express trust is created ceases, the estate of the trustee shall also cease."

By section 11 of the Personal Property Law the same rule is made applicable to personal property. We know of no decision holding that a trust estate continues for any purpose after the death of the beneficiary of the trust, save for the purpose of permitting the trustees to account and physically turn over the trust estate to the remaindermen under the terms of the will.

The decree of the surrogate appealed from amending the final decree should be reversed, with costs to appellants payable out of the estate, and the matter remitted to the surrogate for further action in accordance with this opinion.

DOWLING, P. J., and McAVOY, J., concur; FINCH and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). I cannot agree that the mere fact that Archdeacon Dodshon was named as a trustee after the death of the life tenant, Edward R. Thomas, necessarily, as a matter of law, deprived him of his right to commissions as to that trust. Inasmuch as the four trustees could under the provisions of section 285 of the Surrogate's Court Act (as amd. by Laws of 1923, chap. 649) receive no more than three commissions to be apportioned among them, this seems to me to be largely a controversy among the trustees themselves. It may well be that under the provisions of that section the surrogate could apportion three commissions on the basis of service rendered and perhaps allow to Archdeacon Dodshon less than is allowed to his cotrustees who served for longer periods. It does not follow from that that no commission at all should be allowed. There were still active duties to be performed by the trustees in the settlement of the accounts and the distribution of the corpus of the Edward R. Thomas trust. Indeed, it affirmatively appears that they are still holding a substantial sum of money for the payment of taxes. It also affirmatively appears that the cotrustees utilized the services of Archdeacon Dodshon in the administration of the trust estate after the death of the life tenant, Edward R. Thomas. He was made a trustee by their act, his services were used by them, and he is still functioning as a trustee. I do not think they should be heard to say that he is entitled to nothing.

FINCH, J., concurs.

Decrees reversed, with costs to appellants payable out of estate, and the matter remitted to the surrogate for further action in accordance with opinion.