ARRIE BAMBERGER and Another, as Trustees under Will of SAM STEIN, Deceased, Appellants, *v.* HARRY MORRIS, Respondent.

Supreme Court, Appellate Term, First Department, May 26, 1932.

*Greenbaum, Wolff & Ernst* [*Edward S. Greenbaum* of counsel], for the appellants.

*George J. Graw* [*Thomas F. Compton* and *Evelyn P. Luquer* of counsel], for the respondent.

PER CURIAM. Since the corpus of the trust consists of personal property, its purpose could not be accomplished until the trustees had performed their duty to divide and distribute that property among the beneficiaries. The duty to divide and distribute included as a necessary and incidental power the right to receive payment and to collect outstanding choses in action. The trustees, therefore, could maintain this action as the real parties in interest. (*Farmers' Loan & Trust Co.* v. *Pendleton*, 115 App. Div. 506; *Bank of New York & Trust Co.* v. *Hamersley*, 210 id. 57; affd., 240 N. Y. 558.) The notations made by the defendant on the checks sent by him in part payment of the notes constituted a sufficient acknowledgment of the entire indebtedness to extend the period of limitation. The defendant failed to sustain the burden of proof with respect to his affirmative defense of fraud. Indeed, the statements contained in the defendant's letter to the effect that " I was to get a credit when the Cleveland business was wound up " are wholly inconsistent with such a defense and show it to be without foundation.

Judgment reversed, with $20 costs, and judgment directed in favor of plaintiffs in the sum of $2,250, with interest and costs.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.