(20 Misc. Rep. 56.)

## MELDON v. DEVLIN et al.

(Supreme Court, Special Term, New York County. March, 1897.)

1. WILLS—CONSTRUCTION.

A will gave a portion of the estate to trustees, to apply to the use of persons named as much of the income as should seem proper, or to pay such income, or such part thereof as they should see fit, into the body of testator's estate. *Held*, that it was the duty of the trustees, after paying part of the income to the beneficiaries named, to pay the residue into the body of testator's estate, and they had no discretion to do otherwise.

2. SAME—POWER OF APPOINTMENT.

A power to appoint persons, being relatives of testator, to take a certain portion of the estate, may be exercised by appointing persons not in existence at the time of testator's death.

3. TRUSTS—LIABILITY OF TRUSTEE FOR ACT OF CO-TRUSTEE.

A trustee is not responsible for the conduct of his co-trustee, where the trust estate was managed exclusively by such co-trustee.

Action by Albert Meldon against Angela Devlin and others to obtain a judicial construction of the will of Daniel Devlin, deceased, and for an accounting.　Reference ordered.

Dulon & Roe, for plaintiff.

Merritt E. Haviland, for defendants.

TRUAX, J.　The fourth clause of the second codicil of the will of Daniel Devlin, deceased, gave two-sixths of his estate in trust to his brothers, Jeremiah and William, to invest the same as provided in the fourth paragraph of his will, namely, in the public stocks of the United States or of the state of New York, and not otherwise, and to apply so much of the income or dividend therefrom, from time to time, in such sums as seemed proper to them, to the use of Jeremiah Crolly, James Crolly, Benedict Devlin, and Foster J. Devlin, respectively, or their respective widows and issues; or to pay such income, or such part thereof as they, the said trustees, saw fit, into the body of the estate of the said Daniel Devlin during the joint lives of his wife and of his brothers, Jeremiah and William.　The trustees paid the said Jeremiah Crolly, James Crolly, Benedict Devlin, and Foster J. Devlin a portion of the income of the two-sixths of the estate of Daniel Devlin, under the fourth paragraph of the second codicil.　Another portion they paid into the body of the estate of Daniel Devlin.　I am of the opinion that it was the duty of the trustees to pay such portion of said income as remained after the payment to said Jeremiah Crolly, James Crolly, Benedict Devlin, and Foster J. Devlin into the body of the estate; that the words "as they may see fit" gave no discretion to them to withhold the undisposed-of income from the body of the estate, but they mean such part of the estate as the trustees had not disposed of for the use of the persons named in said fourth clause should be

paid into the body of the estate. Now, if it went into the body of the estate, it went into the hands of the executor, and as to it the testator died intestate. But, if I am wrong in this opinion, it makes no difference in the result. There is no express provision in said fourth clause that said undisposed-of portion of the income should be added to the fund mentioned in said fourth clause, and no such provision will be implied, because to do so would make the clause obnoxious to that provision of the Revised Statutes relating to the accumulation of income of personal property, and the undisposed-of accumulated income would belong to the person presumptively entitled to the next eventual estate. Kilpatrick v. Johnson, 15 N. Y. 322. That is, those persons mentioned in said fourth clause as beneficiaries were entitled to whatever the trustees gave them; the rest of the income of that portion of the estate remained undisposed of, and, under 1 Rev. St. p. 726, § 40, went to those persons who were entitled to the next eventual estate. Those persons were, on the 1st day of December, 1878,—up to which time all of said income had been duly distributed,—Mary Josephine Meldon and Jeremiah Doherty, each of whom was entitled to one-eighth of said income, and William Devlin, Jeremiah Devlin, and Sarah D. O'Connor, each of whom was entitled to one-fourth of said income. On the death of William Devlin on the 27th day of July, 1892, his executor became entitled to that portion of said income due said William Devlin which had not been paid, and his children became entitled to the one-fourth income of said trust fund thereafter accruing; and on the death of Jeremiah Devlin, on the 11th of August, 1893, his executor and executrix became entitled to that portion of said income remaining unpaid which was due the said Jeremiah Devlin, and his children became entitled to the income thereafter accruing on said one-fourth of said estate.

It is true that the power to dispose of the income of the trust estate ended upon the death of William Devlin, but this fact does not affect the result, because there is no provision in the will or codicils disposing of said income after the death of William Devlin, and under the provisions of the Revised Statutes above referred to such income would go to the persons to whom I have given it, viz. the persons presumptively entitled to the next eventual estate. That the persons presumptively entitled to the next eventual estate are not necessarily those who, in fact, afterwards get that estate, is shown by the case of Schettler v. Smith, 41 N. Y. 328. In that case the testator gave one-fourth of his residuary estate to his executors, in trust to receive the income, and pay therefrom $800 per year to testator's daughter, Cornelia, until her marriage, and upon her marriage with any person other than Schettler, or upon his decease, to pay her all the income arising from the death of the testator; but, in case the daughter married Schettler, all her interest in the estate was to cease during the coverture, and the same was given to other children of the testator. The daughter received the $800 a year for some time, and then married Schettler. She died, leaving him surviving, and leaving one child by him. Schettler administered upon her estate, and brought the action, as her administrator, to recover

the balance of the income accrued up to the time of her marriage with him. It was held that he was entitled to this accumulation; that until her marriage with Schettler she was presumptively entitled to the next eventual estate; and that under the statute the income belonged to her, even though by marriage she had lost the next estate. See, also, Delafield v. Shipman, 103 N. Y. 469, 9 N. E. 184; Embury v. Sheldon, 68 N. Y. 237; Gilman v. Reddington, 24 N. Y. 19; Gould v. Rutherfurd, 79 Hun, 280, 29 N. Y. Supp. 362. The only portion of the estate of Daniel Devlin, deceased, which Jeremiah Devlin had the right to dispose of by the exercise of the power of appointment given by the fourth clause of the second codicil of the will of Daniel Devlin, deceased, was the principal of the fund mentioned in said fourth clause; that is, was two-sixths of the rest, residue, and remainder of the estate of Daniel Devlin, deceased. This clause gave the survivor of the trustees of Daniel Devlin, deceased, the right to appoint the persons, being relatives of Daniel Devlin, deceased, who should take said two-sixths of the residuary estate. I am of the opinion that this power of appointment was rightly exercised by said Jeremiah Devlin by the appointment made by him, although the persons named in such appointment were not in existence at the time of the death of Daniel Devlin. But this appointment took effect only upon the death of said Jeremiah Devlin, and related only to the principal of the trust estate, and therefore the interest which was due on the trust estate at the time the appointment took effect did not pass to Jeremiah Devlin's appointees, but should be distributed as above stated.

The said fourth clause of the codicil also gave the said trustees and the survivor of them the power at any time to pay over, in their discretion, any part of the principal of the trust estate mentioned in said fourth clause to certain persons named therein. The said Jeremiah Devlin, one of the trustees, after the death of William Devlin, another of such trustees, sought to avail himself of this provision of said fourth clause by giving certain portions of said trust estate to one Jeremiah C. McAndrew. This power related only to the principal, and did not relate to any interest due on the principal, or any portion thereof. Whether it was exercised in good faith or not is immaterial to the plaintiff, as far as the principal is concerned, because of the exercise of the power of appointment above referred to. The will of Daniel Devlin directed his trustees to invest the trust estate, mentioned in said fourth clause of the second codicil in public stocks of the United States or of the state of New York, and not otherwise. Such investment was not made, but said portion of said estate was invested in part in certain bonds and mortgages, which were turned over by said Jeremiah Devlin to said Jeremiah C. McAndrew. Some of these mortgages covered property belonging to said Jeremiah Devlin, and others property belonging to his wife. Such investments were a fraud upon the trust estate, and any loss that arises from them should be made good by the estate of said Jeremiah Devlin, deceased. At the time these investments were made Jeremiah Devlin was the sole acting trustee, and he alone

is responsible for any loss arising from making them. Ormiston
v. Olcott, 84 N. Y. 339. He assigned the said mortgages, upon
which was due a large amount of back interest, to said McAndrew,
and by an understanding with McAndrew obtained a satisfaction
of these mortgages. If he could in this manner dispose of the prin-
cipal, it is clear that he could not thus relieve his and his wife's
property from the lien of the accumulated interest. The assign-
ment of the mortgages to McAndrew was made as a gift, and not for
a consideration. The giving of this accumulation of interest to Mc-
Andrew was, therefore, a misappropriation, an act of wrongdoing,
by which the trustee cannot profit, and therefore this accumula-
tion of interest should, in equity, be considered as still a lien upon
the property of Jeremiah Devlin and his wife, and, if necessary, such
property should be sold, and its proceeds applied to payment of
those who are entitled thereto as above stated. This provision,
however, cannot and does not affect any portion of said property
that was sold to a bona fide purchaser for value after the satisfac-
tion of the mortgages by McAndrew, and before the filing of the
lis pendens herein. It affects the property of the wife of Jeremiah
Devlin, except as above stated, because she paid no consideration
for such satisfaction. But any portion of the estate of Daniel
Devlin, deceased, to which Jeremiah Devlin was entitled at the
time of his death, should first be applied for the payment of the
claims of the persons entitled to payment. If anything is left
after such payment, it belongs to the estate of Jeremiah Devlin.
The evidence shows that Bridget Devlin, as executrix of the es-
tate of Daniel Devlin, deceased, has in her possession a certain
sum of money for which she is willing to account. She should ac-
count for it, and it should be distributed in accordance with this
opinion. The evidence shows that at various times between the
19th day of December, 1878, and the 17th day of April, 1888, in-
clusive, various sums of money, amounting in the aggregate to
$101,000, were paid by the trustees back into the body of the es-
tate. This sum should have been divided among the persons en-
titled thereto. The plaintiff, as assignee of Jeremiah Doherty, is
entitled to one-eighth thereof, and is entitled to recover said one-
eighth, less the amounts which have been paid to said Doherty.
He is also entitled to interest, but interest should not begin until
one year from the date when each amount was paid into the body
of the estate by the trustees. For instance, on the 19th day of
December, 1878, $10,000 was paid into the body of the estate, and
Doherty's share of this $10,000 was $1,250. Interest should be
computed on this sum from December 19, 1879, and so with each
of the other payments. The executors are entitled to interest on
the sums paid by Doherty from the time they were paid to him.
The defendant Felix is a bona fide purchaser for value of the prem-
ises described in his answer, with prior and superior equitable title,
and with prior equitable rights and interests over all other parties
herein. The money paid in by said Felix should, however, take
the place of the land. Judgment is ordered for said Felix, as

aforesaid, with costs of this action, which said costs are to be deducted from the amount owing by him on the purchase of the property referred to in his answer.

I am of the opinion that the estate of William Devlin, deceased, is not responsible for the acts of Jeremiah Devlin, deceased. The evidence shows that the trust was managed alone by Jeremiah Devlin (Nanz v. Oakley, 120 N. Y. 89, 24 N. E. 306); but the evidence also shows that certain of the mortgages held by the trustees of Daniel Devlin, deceased, were assigned by Jeremiah Devlin, as surviving trustee of Daniel Devlin, deceased, to Jeremiah Devlin, as executor of William Devlin, deceased. I have held that the disposition of a certain portion of the trust estate made by Jeremiah Devlin to Jeremiah C. McAndrew was not a valid exercise of the power given by the will of Daniel Devlin. If this be so, McAndrew, who was acting in collusion with said Jeremiah Devlin, never acquired a valid title to the property turned over to him, and could only give title to a bona fide purchaser for value without knowledge of the facts. Now, Jeremiah Devlin, executor of Daniel Devlin, was not such a bona fide purchaser, and the estate of William Devlin should account for the property thus turned over to it by Jeremiah Devlin as trustee of Daniel Devlin; but this should only be done in case the estate of Jeremiah Devlin is not sufficient to pay the amounts that may be hereafter found due herein. A referee will be appointed to ascertain the amounts due as aforesaid; the costs to be in abeyance until the coming in of the referee's report.

Ordered accordingly.