### BUTTON v. HEMMENS et al.

(Supreme Court, Appellate Division, Third Department.   March 2, 1904.)

1. TRUSTS—DEATH OF TRUSTEE—SUBSTITUTED TRUSTEE—CONTROL BY COURT.

   The trust created by a will bequeathing property to the executor in trust for testatrix's brother, and providing that the executor should pay the brother so much of the interest and principal as should be proper for his support, and empowering the executor, when he deem it for the in-

terest of the brother, to pay to him the whole or any part of the principal, did not terminate on the death of the trustee, but vested in the Supreme Court, to be exercised through its appointee, or in the administrator with the will annexed, as substituted trustee, who held the property on the same terms as the original trustee, subject to the discretion of the court as to payment to the brother of the principal of the fund.

**2. SAME—DISCRETION OF THE COURT—ABUSE.**

Where a will created a trust in favor of testatrix's brother, and empowered the trustee to pay to the brother such proportion of the interest and principal as, in his judgment, should be necessary for the brother's support, or, when he deemed it for the brother's interest, to pay him the whole or any part of the principal, and the executor died, the discretion which vested in the court, on its administration of such trust, to pay to the brother the principal of the estate, could only be exercised on evidence showing the circumstances and necessities of the brother.

Appeal from Special Term, Saratoga County.

Action by Warren W. Button against Mildred Hemmens and others. From a judgment for plaintiff, defendant Hemmens appeals. Reversed.

Upon January 14, 1897, Sarah J. Davis died at Saratoga Springs, N. Y., leaving a last will and testament, with a codicil thereto, which read as follows:

"In the name of God, amen: I, Sarah J. Davis, being of sound mind and memory and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be my last will and testament, that is to say:

"First. After all my lawful debts are paid, and discharged, I give and bequeath to my beloved sister, Amy C. Marshall, of Williamstown, N. Y., the sum of five hundred dollars, and all my household furniture wearing apparel and jewelry.

"Second. I give and bequeath to my executor hereinafter named in trust for my brother Warren W. Button, all the remainder of my property and estate to be invested and such portion of the interest and principal as in the judgment of my said executor as may be proper for his use shall be paid to him annually towards his support; but in no case shall any portion be applied in payment of any judgment, claim or cause of action now or hereafter existing against him, nor upon any claim or demand against which which is not appraised by said executor. My said executor may at any time when he deems it for the interest of my said brother pay over to him the whole or any part of the principal. My said executor may invest at such rate of interest as he may deem best for the security of the principal at less than the legal rate.

"Likewise I make constitute and appoint John W. Crane of Saratoga Springs to be executor of this my last will and testament hereby revoking all former wills by me made.

"In witness hereof, I have hereunto subscribed my name and affixed my seal the 22nd day of June, in the year of our Lord, 1895.

"Sarah J. Davis.    [L. S.]

### Codicil.

"Whereas, I, Sarah J. Davis, of Saratoga Springs, have made my last will and testament bearing date the 22nd of June, 1895, in and by which I gave and bequeathed to my sister, Amy C. Marshall the sum of five hundred dollars, and all my household furniture wearing apparel and jewelry.

"Now, therefore, I do by this writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, order and declare that only the sum of $50 shall be paid to my said sister, Amy C. Marshall, and the said clause of my will above quoted is hereby revoked so that only the said sum of $50 shall be paid to her in full and in place of said legacy bequeathed to her in said will. I give and devise the remainder of said legacy to my brother, Warren W. Button, named in the second clause of

my will, subject to the same trusts as therein mentioned. In all other respects I hereby ratify and confirm my said will and direct that this codicil be annexed to and made a part of my said last will and testament.

"In witness whereof I have hereunto set my hand and seal this fourteenth day of March, 1896.                                                  Mrs. Sarah J. Davis."

John W. Crane, the executor named in the will, qualified, and took possession of the estate, which consisted entirely of personal property. In his lifetime he paid to the plaintiff in this action the sum of $1,400. Upon the 26th of August, 1900, the said Crane died. Thereafter Josiah C. Salisbury was appointed by the surrogate of Saratoga county administrator with the will annexed of Sarah J. Davis, and also the trustee under the will in the place of said John W. Crane. He duly qualified as such administrator and trustee, and received the sum of about $2,700 from the estate of John W. Crane as the estate of said Sarah J. Davis undisposed of during the lifetime of said Crane. The said Salisbury, doubting his power, as administrator with the will annexed, to pay over to the plaintiff these moneys, refused to pay to him any part thereof, and this action was brought against the said Salisbury and others, including Mildred Hemmens, a niece and one of the next of kin of Sarah J. Davis, to compel the said administrator to pay over the full amount remaining unpaid of said estate to the plaintiff. The trial court directed the said administrator to pay over to the plaintiff the full amount of said estate, and from the judgment entered upon this decision Mildred Hemmens, one of the next of kin of Sarah J. Davis, here appeals.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Nash Rookwood, for appellant.

W. A. Pierson (Charles S. Lester, of counsel), for respondent.

SMITH, J. The express trust created by the will of Sarah J. Davis did not terminate upon the death of the trustee. It then vested in the Supreme Court, to be exercised through its appointee, or the administrator with the will annexed, the substituted trustee. Matter of Valentine, 3 Dem. Sur. 563; In re Hecht, 71 Hun, 63, 24 N. Y. Supp. 540. After the death of Crane, therefore, this substituted trustee was required to pay the income of the said fund yearly to the plaintiff, and so much of the principal as the court, in its discretion, should say was proper and necessary for his support. This discretion of the court, however, is not an arbitrary discretion, and can only be exercised upon evidence showing the circumstances and necessities of the cestui que trust. Upon the trial of this action there was no evidence whatever upon which could be based a finding that the plaintiff was in need of any more than the income of the trust fund, and the direction of the court therefore to pay over the principal thereof as well as the income was clearly unauthorized.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant in this court and in the court below, to be paid out of the estate of Sarah J. Davis. All concur; Parker, P. J., in result.