(47 Misc. Rep. 474.)

### REUBEL v. REUBEL et al.

(Supreme Court, Special Term, New York County.     June, 1905.)

PARTITION—ACTION BY HEIR—ADMINISTRATION PENDING.

Where an heir at law sued to partition the realty, the action may continue, though the executor has sued to sell the property to pay the debts of the decedent; Code Civ. Proc. § 1538, providing for the deposit of the proceeds of a sale in partition until decedent's estate is settled.

Action by George Reubel against Henry Reubel and others. Motion to appoint referee granted.

Arnstein & Levy, for the motion.
Charles Shaun, opposed.

BLANCHARD, J. William Reubel died intestate. He left several pieces of real estate, and debts in excess of his personal estate. Proceedings are now pending in the Surrogate's Court for the sale of so much of the real estate as may be necessary to pay the debts. One of the heirs has brought this action to partition the real estate. All the parties in interest have been served, issue is joined, and the court is asked on this motion to appoint a referee to ascertain and report the rights and interests of the parties to the real estate proposed to be partitioned. The motion is resisted, on the ground that the same result can be secured by a sale in the surrogate's proceeding. So it might, if all the parties in interest would consent; but a sale under a surrogate's decree for the purpose of paying debts and a sale in partition are not identical in their scope. In the Surrogate's Court only so much of the real estate can be sold as is sufficient to pay the debts, while a sale in partition disposes of all the property in the state belonging to the deceased. I think the plaintiff is entitled to the relief he seeks under section 1538 of the Code of Civil Procedure, which provides for the depositing of the proceeds of a sale in partition until the estate of the deceased is settled.

Motion granted.