(52 Misc. Rep. 82)

## In re HARWOOD.

## In re SOUTHWORTH'S WILL.

### (Surrogate's Court, Orleans County. November, 1906.)

WILLS—CONSTRUCTION—INCOME FROM TRUST FUND.

Testator devised money in trust for the support and maintenance of the beneficiary during life, the trustee to expend such part of the fund or interest received thereon as he should think best. At the death of the beneficiary any money not so expended was to be paid to testator's heirs. *Held*, that a successor of the trustee named in the will, who had died, could not pay over to the beneficiary income that had accrued in the lifetime of his predecessor, but which had not been expended; but such surplus belonged to the persons who, when it accrued, were presumptively entitled to the next estate.

In the matter of the judicial settlement of the accounts of Fitch A. Harwood, trustee under the will of Augustus Southworth. Decree rendered.

John D. Burns, for trustee.
Ramsdale & Church, for Grace M. Pierce.
Gurdon W. Fitch, special guardian.

SIGNOR, S. Augustus Southworth left a last will and testament, admitted to probate by the Orleans county Surrogate's Court. The third clause of said will contains this provision:

"I direct and request said executor or administrator to pay to my daughter, Rowena M. Harwood, the sum of five hundred dollars out of any money belonging to my estate, after providing for the money to be invested for the benefit of Lucy J. Day and the money to be paid to the trustees of the Holley Cemetery Association as hereinbefore directed. I give and bequeath to the said Rowena M. Harwood the said sum of five hundred dollars in trust for the following purpose, viz.: She to receive, hold or invest it on interest as she shall in her judgment think best and to pay, lay out, use and expend, for the use, benefit, support or maintenance of said Lucy J. Day, such sum, part or portion of said five hundred dollars or the interest that may be received thereon, from time to time, as she shall in her sound judgment think best and advisable and in any manner and whenever the said Rowena shall see fit during the life of said Lucy J. Day; and, after the death of said Lucy J. Day, I direct and provide that any part or portion of said five hundred dollars and interest accrued thereon, if any, and not so used or expended, shall be paid to my heirs."

There is an implied direction for an accumulation of income, which is void by the provisions of the statute. In the case of Button v. Hemmens, 92 App. Div. 40, 86 N. Y. Supp. 829, cited by counsel for the trustee, the testator gave to his brother a portion of his estate "to be invested, and such portion of the interest and principal as in the judgment of my said executor as may be proper for his use shall be paid

to him annually towards his support." The executor qualified and subsequently died. A successor was appointed. The court held the trust an express one, that did not terminate on the death of the trustee, but vested in the Supreme Court, to be exercised through its appointee or the administrator with the will annexed, the substituted trustee. The court said:

"After the death of Crane, therefore, this substituted trustee was required to pay the income of said fund yearly to the plaintiff, and so much of the principal as the court, in its discretion, should say was proper and necessary for his support."

In Craig v. Craig, 3 Barb. Ch. 76, the testator directed the investment of enough of his estate to produce an income of $500, and directed his executors to use so much of the principal and income as might be necessary for the support of his lunatic son, and gave what should be unexpended to his children, or, if he left none, to the other children of the testator. The court said:

"The executors are only authorized to use so much of the annual sum of $500 as may be necessary for the support and maintenance of the lunatic; and the court is called upon to decide what is to be done with the surplus, if the annuity is more than sufficient for his support. Trusts for accumulation are prohibited, except for the benefit of minors. 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, p. 726, §§ 36, 37; 1 Rev. St. (1st Ed.) pt. 2, c. 4, tit. 4, pp. 773, 774, §§ 3, 4. A trust to accumulate the rents and profits of real estate, or the interest or income of personal estate, cannot, therefore, be created for the benefit of a lunatic. But, if this annuity had been given absolutely to the lunatic, the court might have directed the surplus, beyond what was necessary for his support, to be paid over to his committee and to be invested for his use; for, where the income of a lunatic is more than can be properly expended for his use, it must, as a matter of necessity, be accumulated for him, or those who may be entitled to his property eventually, as his next of kin. That, however, is not a trust for accumulation prohibited by the statute. If this annuity was given absolutely to the lunatic, therefore, the court would give the proper directions to some one to invest the surplus for his benefit. It is evident, however, that the testator did not intend to give to the lunatic any more of the annual income of the fund invested than was necessary for his support and maintenance; for there is a limitation over, not only of the capital of the fund invested, but of so much of the proceeds thereof as shall remain at the decease of the lunatic. This is an implied direction to accumulate the surplus income of this capital by the executors, in trust for adults, or for persons not in esse at the time the accumulation is directed to commence, and is void by the provisions of the Revised Statutes. There is, therefore, a suspension of the absolute ownership of the capital of the fund for the life of the lunatic, during which time the income of that part of the fund, not wanted for his support, is undisposed of. And, no valid direction for its accumulation being given, it belongs to the brothers and sisters of the lunatic, under the provisions of the Revised Statutes on that subject, as the persons who are presumptively entitled to the next eventual estate in the capital of the fund. 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, p. 726, § 40; 1 Rev. St. (1st Ed.) pt. 2, c. 4, tit. 4, p. 773, § 2."

Britton v. Hemmens, 92 App. Div. 40, supra, differs from the case of Craig v. Craig, and from the case under consideration, in that in that case there was a gift in trust with no remainder. In Craig v. Craig and in the case under consideration there were gifts over to remaindermen of both the principal and the unexpended income. Real Property Law, Laws 1896, p. 568, c. 547, § 53, provides as follows:

"When in consequence of the valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

This rule applies to personal property, as well as to real estate. Mills v. Husson, 140 N. Y. 99, 35 N. E. 422; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; Central Trust Co. v. Eggleston, 47 Misc. Rep. 475, 95 N. Y. Supp. 945. The statute does not say in the ultimate, but in the next eventual, estate. See Manice v. Manice, 43 N. Y. 303.

In the case of Meldon v. Devlin, 31 App. Div. 146, 53 N. Y. Supp. 172, a testator gave a discretion as to the payment of income during the joint lives of two trustees and another. One of the trustees died, and it was held that the power, to dispose of the income ceased upon the death of one of the trustees; and from that date to the time of the death of the other trustee, when the trust ceased, the income, being undisposed of, belonged, under 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, p. 726, § 40, and 1 Rev. St. (1st Ed.) pt. 2, c. 4, tit. 4, p. 773, § 2, to the persons presumptively entitled to the next presumptive estate; also, that the persons who are entitled .to undisposed of income, as being presumptively entitled to the next eventual estate, are those who comprise that class, from time to time, as the income accrues.

In Kilpatrick v. Johnson, 15 N. Y. 326, quoted in the foregoing case, it was held that the income went to those presumptively entitled at the time the income accrued, and that the right to the income varied, from time to time, depending on those who were in existence at the date of accrual. See opinion of Truax, J., in Meldon v. Devlin, 20 Misc. Rep. 56, 45 N. Y. Supp. 333. See, also, Estate of Roos, 4 Misc. Rep. 232, 24 N. Y. Supp. 862.

In view of these decisions, I do not see how the trustee had any right to pay the income over to the life beneficiary, so long as his predecessor had not exercised his discretion to pay it over in his lifetime. This income, in my opinion, as it accrued from year to year, belonged to the parties who, at the time it accrued, constituted "the persons presumably entitled to the next eventual estate"; and they would have had a right to demand and receive the income. I must, therefore, disallow the item objected to in the account of the trustee, and direct that it be paid to the parties who, at the date of its accrual, were entitled to receive the same, or, in case any such parties have died in the meantime, that it be. paid to their personal representatives.

Decreed accordingly.