### GOLDBERGER v. TACK.

#### (Supreme Court, Appellate Term.   March 5, 1908.)

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

---

### In re MURRAY.

#### (Supreme Court, Appellate Division, Second Department.   February 28, 1908.)

1. TRUSTS—BENEFICIARIES—SEPARABLE INTERESTS.

Where a testatrix directed the trustee to divide the estate devised to him into as many equal portions as she should leave issue her surviving, and provided for termination of the trusts at different times, a separate trust was created for each child, whose interest was separable and distinct.

2. SAME—DURATION—MAJORITY OF BENEFICIARIES.

Where a will created a trust for the son of the testatrix until he should arrive at the age of 21 years, and he reached his majority before the death of the testatrix, the purpose of the trust ceased, and no estate vested in the trustee; but the ulterior devise took effect immediately, no conveyance by the trustee being necessary.

3. SAME—PURPOSE OF TRUST.
No trust is necessary for the execution of a power to sell and divide property, and no naked trust for that purpose can be created.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 9.]

4. SAME—TERMINATION—EFFECT ON TRUSTEE'S LIABILITY.
Where the purpose of a testamentary trust terminated before the death of the testatrix, and the share of the beneficiary in the real estate vested immediately in him, the trustee as such had no duties to perform with reference thereto, and could not be charged by the beneficiary with failure to collect rents, nor with loss sustained in making an investment as trustee.

5. EXECUTORS—REAL ESTATE—RENTS—DUTIES.
An executor, in the absence of any requirement of the will, is not charged with the duty of collecting rents on the real estate.

6. SAME—CREDITS—EXPENDITURES AND LOSSES.
Where an executor was named as trustee, but the purpose of the trust terminated before the death of the testatrix, so that no estate vested in him as trustee, he is not entitled to credit for the payment of a judgment obtained against him on account of his personal negligence in failing to maintain a building in proper condition.

7. WILLS—CONSTRUCTION—TRUST—"DISTRIBUTION."
The word "distribution," used by the testatrix in requesting the legatee to make distribution of a portion of the property, would tend strongly to indicate an intention not to make an absolute gift; but this is not conclusive, where other parts of the will show a contrary intention.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2134, 2135.]

8. SAME—PRECATORY WORDS.
By the third clause of a will testatrix created a trust and appointed respondent trustee; and by the fourth clause she gave the residue of her estate to respondent, "requesting that he make such distribution of the same or any portion thereof as I shall indicate by memorandum, written direction, or otherwise." Held that the will gave the residuary estate absolutely to respondent, imposing no obligation on him, but trusting entirely to him to carry out any direction thereafter made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1587–1589.]

Appeal from Surrogate's Court, Orange County.

From a decree of the surrogate settling the account of Ambrose S. Murray, Jr., as executor of Harriet W. Barnard, formerly Harriet W. Berdell, deceased, Kenneth P. Barnard appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

William R. Brinckerhoff, for appellant.
H. V. Rutherford, for respondent.

MILLER, J. This is an appeal from a decree of the surrogate settling the account of the executor of Harriet W. Barnard, who died October 14, 1898. The questions presented relate to the property disposed of by the third and fourth clauses of her will.

By the third clause certain real property was devised to the respondent in trust, to be divided into as many equal portions as she should leave issue surviving; one portion thereof to be held for the use and benefit of her son Howard R. during his natural

life, and one portion for that of each of her sons, Philip H. and Kenneth Parkhurst, until they should respectively arrive at the age of 21 years. The trust for the benefit of Howard R. could be terminated by the written consent of himself and the trustee, in which case said share was to vest absolutely in him. The shares of Philip H. and Kenneth Parkhurst were to be conveyed and delivered to them when they should respectively arrive at the age of 21 years. Philip died before the death of the testatrix. Howard and Kenneth were both 21 at that time. The trust for the benefit of Howard was terminated by the written consent of himself and the trustee on the 21st of December, 1905. The fourth clause of the will is as follows:

"Fourthly. All the rest, residue and remainder of my estate, of whatsoever nature and description, and wheresoever situate, I give and bequeath unto the said Ambrose S. Murray, Jr., requesting that he make such distribution of the same or any portion thereof, as I shall indicate by memorandum, written direction or otherwise."

By the fifth clause the respondent, the said Ambrose S. Murray, Jr., was appointed executor, and given authority to convert her real estate into personalty, to make and change investments, and to hold the same for the purposes of any of the trusts mentioned.

Objections to the account were filed by said Kenneth, and the following matters are presented by his appeal: (a) It appeared that the agent who had charge of the renting of certain of the real property did not account to the executor for any rents received from January 1, 1901, to September 1, 1902, and said rents were lost by reason of the insolvency of said agent. The appellant seeks to have the executor's account surcharged with the amount of the loss thus sustained. (b) The executor only accounted for the net rents received during another period, and showed that the agent in charge of the property made repairs and accounted to him for the net receipts. The appellant asserts that he is entitled to know the gross amount of rents received, and that the executor is required to prove the amount and reasonableness of the expenditures. (c) A personal judgment was recovered against the respondent in an action brought to recover damages for personal injuries resulting from the fall of a chimney. He was credited with the amount of said judgment and the expenses incurred by him in the defense of said action. That credit was objected to upon the ground that the recovery was based on his personal negligence as trustee. (d) On December 5, 1904, before the trust for the benefit of the said Howard was terminated, the respondent invested the sum of $20,000 in New York City bonds, paying a premium therefor, and on May 14, 1906, after the termination of said trust, he sold the bonds at a loss of $1,219.16. The appellant asserts that the loss thus sustained cannot be charged against his share. (e) The residuary estate consisted of the personal effects of the testatrix and of the sum of $3,653.51. It appeared that no memorandum or written direction, referred to in the fourth clause of the will, quoted supra, was found. The respondent distributed the personal effects as he thought the testatrix would wish, and asserts that the rest belongs to himself absolutely. The surrogate ruled in favor of the respondent on each of the above stated matters.

The importance of determining at the outset the capacity in which the respondent acted has apparently escaped the consideration of counsel. The testatrix directed the trustee to divide the estate devised to him into as many equal portions as she should leave issue her surviving. A separate trust was created for each child, whose interest was separable and distinct. Wells v. Wells, 88 N. Y. 323, and cases cited; Locke v. F. L. & T. Co., 140 N. Y. 135, 35 N. E. 578; Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Matter of Mount, 185 N. Y. 162–169, 77 N. E. 999. The appellant having attained his majority before the death of the testatrix, the purpose of the trust for him ceased, and no estate vested in the trustee; but the ulterior devise took effect immediately. No conveyance by the trustee was necessary. Real Property Law, Laws 1896, p. 574, c. 547, § 89; McLean v. Freeman, 70 N. Y. 81; Watkins v. Reynolds et al., 123 N. Y. 211, 25 N. E. 322; Locke v. F. L. & T. Co., supra; Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Clark v. Clark, 147 N. Y. 639, 42 N. E. 275. No trust was necessary for the execution of the power to sell and divide. Indeed, no naked trust for that purpose could be created. Manice v. Manice, 43 N. Y. 303–363. Upon the death of the testatrix, then, the appellant's share of the estate vested immediately in him, subject to the execution of the power to sell and divide. The respondent had no trust duties to perform, except in respect to the undivided half of the estate which vested in him as trustee for Howard. So long as the estate remained undivided, the appellant and respondent were each entitled to receive one-half of the rents; but neither could charge the other for rents not collected. As executor the respondent had no duty to collect rents for the appellant, and we are concerned on this appeal only with his duties as executor. This conclusion disposes of subdivisions (a) and (b), supra, in favor of the respondent, and of subdivisions (c) and (d) in favor of the appellant. The respondent, as executor, cannot have a credit for the payment of a judgment obtained against him on account of his personal negligence as trustee, nor for a loss sustained in making an investment as trustee.

The question whether the precatory words in the fourth clause of the will impressed a trust on the residuary estate of the testatrix may not be free from doubt. Definiteness in respect of the subject and object of the trust have been considered important considerations in determining the intention of the testator in this class of cases. In the case at bar the subject of the trust, if one was intended, was certain—i. e., the residuary estate; and the uncertainty respecting the object of the trust arose because the testatrix did not disclose her intention, but left that for some subsequent memorandum or direction. There is no doubt that, if a trust was intended, the residuary estate must be distributed among the next of kin; for the object of the trust is not disclosed. The word "distribution," used by the testatrix, would tend strongly to indicate the absence of any intention to make an absolute gift to the respondent; yet I think such was her intention. By the third clause of her will she created a trust and appointed the respondent trustee, and the fact of her using entirely different language in the fourth clause is significant of an intention not to cre-

ate a trust. More significant still are the words "or of any portion thereof." She was evidently uncertain whether she would make any request by memorandum, written direction, or otherwise, or, if she made one, to what portion of the residuary estate it might relate. Her residuary estate included her personal effects. I think she intended to give the residuary estate absolutely to the respondent, imposing no obligation upon him whatever, but trusting entirely to him to carry out any direction she might see fit to make. The tendency to construe precatory words, added to words of absolute bequest or devise, as expressive of a wish only, without imposing an obligation, is indicated by the recent decision of the Court of Appeals in Post v. Moore, 181 N. Y. 15, 73 N. E. 482, 106 Am. St. Rep. 495. The precatory words in that case were:

"It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law."

The subject and object were definite, and the testator's wish plainly expressed; but the court held that that was an expression of a wish only, and that the execution of it rested in the discretion of the wife, who took absolutely. I think that the words in that case more plainly indicated an intention to create a trust than those under consideration in the case at bar.

It is urged that the executor should not have commissions, but there is nothing in the record justifying withholding them.

The decree should be modified in the respects pointed out, and, as modified, affirmed.

Decree of the Surrogate's Court of Orange county modified in accordance with opinion of MILLER, J., and, as so modified, affirmed, without costs. All concur.