FOGARTY v. STANGE et al.

(Supreme Court, Special Term, New York County. November, 1910.)

1. WILLS (§ 686*)—TESTAMENTARY TRUSTS—CREATION—TERMINATION.

A will whereby testator left all his property to his executors, in trust to convert into money and to apply the income to the support of testator's children in equal parts during their minorities, each child as it became of age to receive its equal share of the corpus of the estate, limited the application of income to the minorities of the respective children, and the authority of the trustees to collect the incomes to the same period, so that, on the youngest child attaining full age, the power of the trustees terminated, under Real Property Law (Consol. Laws 1909, c. 50) § 109, because there was no longer any reason for the continuance of a trust, and hence the trustees thereafter had, under section 97, a mere power of sale, and on all the children attaining full age they might elect to take the land in the hands of the trustees as land and obtain partition thereof.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1635; Dec. Dig. § 686.*]

2. PARTITION (§ 27*)—OTHER SUIT PENDING—SUIT FOR PARTITION—ACTION FOR ACCOUNTING.

A pending action by a beneficiary under a will for an accounting, involving real estate in New York and in other states, is not a bar to an

action by defendant therein for the partition of real estate within the state.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 27.*]

3. DEEDS (§ 194*)—DELIVERY—EVIDENCE.

An unrecorded deed, duly executed and acknowledged, was found among the grantee's papers after his death. The rents and profits of the property had been equally divided between the grantor and grantee after the execution of the deed. *Held* to overcome the presumption of delivery and acceptance of the deed, the property remained the property of the grantor, and on his death his widow was entitled to dower therein.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 574–583; Dec. Dig. § 194.*]

Action for partition by William P. Fogarty against Mary A. Stange and others. Relief granted.

Frayer, Stotesbury & Gregg (Eugene Frayer, of counsel), for plaintiff.

William F. Clare, for defendants May A. Stange, Madeline Balfour, and Nona Fogarty and George S. Stange, as substituted trustee of the unexecuted trusts under the will of Patrick A. Fogarty, deceased.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for defendants Annie Davis and Patrick A. Fogarty and Sarah O'Reilly, as executors of Hugh O'Reilly, deceased.

Edward P. Orrell, Jr. (Edward W. S. Johnston, of counsel), for defendants Reichow and Kelaher.

Benjamin E. Messler (Edward W. S. Johnston, of counsel), for defendants Ellen T. O'Reilly and Mary M. Johnston, and Hugh E. O'Reilly as guardian ad litem for infant defendants.

Clarke & Clarke (Richard H. Clarke, Jr., of counsel), for defendants Skelly.

Alexander & Keenan (Joseph A. Keenan, of counsel), for defendant Keenan.

George F. Lewis (Eugene Frayer, of counsel), for defendant William P. Fogarty, as administrator of Hugh P. Fogarty, deceased, and as administrator with the will annexed of John W. Fogarty, deceased, and as administrator with the will annexed of Patrick A. Fogarty, deceased.

McKenna & McKenna, for defendant McKenna.

GIEGERICH, J. [1] By his will Patrick A. Fogarty, deceased, left all his property, real and personal, to his executors, in trust to sell and convert it into money, to collect the rents and income, and apply the same to the support of the testator's children, in equal parts, during their minorities. As each child came of age, it was to receive its equal share of the corpus of the estate. Thus the direction concerning the application of the rents and income was limited to the minorities of the respective children. I think that the authority of the trustees to collect the rents and income was likewise limited by implication to the same period. Manice v. Manice, 43 N. Y. 303, 362–364. As each child came of age he was entitled to receive his share

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the estate, and as the real property had not been turned into money an undivided share therein vested in each child as he came of age, and he became a tenant in common with the trustees and such of his brothers and sisters as had likewise attained their majorities, and was entitled to collect his own share of the rents in his own right. The right of the trustees to collect the rents, being thus limited to the period of the children's minorities, ceased when the youngest child came of age. Their estate in the lands likewise ceased at the same moment. Having no longer the power to collect the rents, the estate devised to them by the will was divested and the trust was at an end. Thereafter the trustees had merely a power of sale. Real Property Law, § 97 (Consol. Laws 1909, c. 50). There was no longer any purpose for which the continuance of a trust was necessary, and it accordingly came to an end, and the title of the trustees was divested. Real Property Law, § 109; Manice v. Manice, supra; Matter of Murray, 124 App. Div. 548, 108 N. Y. Supp. 1047.

As, therefore, when the youngest child of the testator came of age, the title to the real property was in the children, and there was no trust, but merely a power of sale outstanding, it was competent for the children to elect to take the land as land, and so effect a reconversion from the character of personal property, which, it is conceded, the will impressed upon it (Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925), and by such reconversion the power of sale would be destroyed and the property become the proper subject of partition at the suit of any of the tenants in common (Mellen v. Mellen, supra; McDonald v. O'Hara, 144 N. Y. 566, 39 N. E. 642; Trask v. Sturges, 170 N. Y. 482, 63 N. E. 534). I am satisfied from the evidence that all the children did so elect before the commencement of this action. The way in which the property was handled and managed generally, as well as the execution of mortgages and leases by the owners in common, in my opinion sufficiently show the intent of the parties, and especially so in view of the long period which has elapsed since the testator's death and since the objecting defendants came of age, during which time no attempt has been made to compel the execution of the power of sale. It follows, therefore, that the plaintiff is entitled to have partition of the properties which were devised by the will of his father, as well as of the other properties included in the complaint.

[2] The action previously brought by the defendant Annie Davis against the plaintiff and the other defendants for an accounting and other relief is not a bar to this action. At the time when this action was commenced the complaint in the former action did not demand a partition of the properties embraced in this action. It involved both these and properties in other states, and no such relief was or could have been asked without a radical change in the complaint. It cannot be said, therefore, that at the time when this action was commenced there was another action pending between the same parties for the same cause.

[3] The next question concerns the right of the defendant Ellen T. O'Reilly to dower in the premises No. 81 Ridge street, in the borough of Manhattan, New York City. A deed of these premises, duly

executed and acknowledged, from Hugh O'Reilly to Patrick A. Fogarty, was found among the latter's papers after his death. The deed had not been recorded at the time of the grantee's death. Upon this circumstance, together with the fact that the rents of the property were equally divided between the grantor and the grantee after the execution of the deed, and various other circumstances, the defendant Ellen T. O'Reilly bases her claim that the deed from Hugh O'Reilly, her husband, was never delivered; that he consequently died seised of the premises in question, subject to the right of his grantee and the latter's representatives to receive one-half of the rents and profits of the property. Upon this branch of the case I can see no reason for differing from the conclusion reached by Mr. Justice O'Gorman when the question was before him on the same facts, though for a different remedy, which conclusion was that the conduct of the parties, coupled with the fact that the grantee never recorded the deed, overcomes the presumption of delivery and acceptance. I am therefore of the opinion that the widow is entitled to what she asks namely, an adjudication that she has an estate of dower in the premises, subject to the right of the estate of Patrick A. Fogarty to one-half of the net rents, issues, and profits thereof. It is conceded that the judgment in the action of Fogarty v. Fogarty is binding upon the plaintiff, and that the conveyances given by the defendant Patrick A. Fogarty to the plaintiff were given merely as security for advances.

It is argued, however, that the title to the share represented by those conveyances is still in the plaintiff, and that the grantor has merely an equitable right to a reconveyance upon repayment of such balance as may be found to be due from him to the plaintiff upon the accounting which has been ordered in that action. I think, however, that under the judgment in question the plaintiff must be held to have only the rights of a mortgagee in possession. The one-eighth share represented by these conveyances must therefore be held to belong to the defendant Patrick A. Fogarty, subject to the lien of the plaintiff therein, if any be established, upon the accounting ordered in the action of Fogarty v. Fogarty. The boundaries of No. 215 West Seventeenth street will be fixed by the decision and judgment in the manner requested by the plaintiff and by the defendants Skelly. Upon the accounting to be ordered and the objections to the plaintiff's accounts, if any, the question of the plaintiff's liability for nonpayment of transfer tax and other taxes, can be gone into and passed upon. Those questions cannot be passed upon intelligently, except in connection with the examination of the long accounts which are to be submitted to the referee.

In view of the conclusions above reached the attorneys for the respective litigants are at liberty to serve further requests to find in addition to those already handed in, or withdraw those submitted and serve amended ones in their stead. As it seems to be agreed that actual partition is impracticable, a finding to that effect should be submitted. Such additional or amended requests should be served within eight days after the publication hereof, and memoranda in support thereof, with a reference to the pages of the stenographer's minutes

and parts of the exhibits relied upon, may be submitted within five days after such service. Replying briefs may be handed in within two days after such submission. All such requests for findings, with proof of service, must be left with the clerk, who is directed to allow counsel for the respective parties to inspect and make a copy of all papers, including briefs, handed in by their adversaries. All papers received by me have been returned to the clerk.