(89 Misc. Rep. 59)

### In re OVERTON.

(Surrogate's Court, Kings County. January, 1915.)

1. WILLS ⬤686—TESTAMENTARY TRUST—TERMINATION—SUBSEQUENT COLLECTION OF RENTS.

Where, under the terms of the will, a trust created by it came to an end, on the death of a beneficiary, as to an undivided one-quarter part of lands bequeathed in trust, the collection of rents thereafter by the trustee was not in the exercise of any duty or power committed to him by the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. ⬤686.]

2. TRUSTS ⬤91—CONSTRUCTIVE TRUSTS—OCCASION FOR EXISTENCE—OTHER MEANS OF REDRESS.

A constructive trust arises as to a former trustee of an express trust only in cases where he cannot in his character as such trustee be called to account for his dealings with property as to which his trust has ceased, and does not arise where redress can be had against him in his original relation to the property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 139; Dec. Dig. ⬤91.]

3. TRUSTS ⬤295—TESTAMENTARY TRUSTEE—RENTS COLLECTED—REMEDY OF TENANT IN COMMON.

The testamentary trust as to one-half of premises devised expired on death of a beneficiary, and the one-half thus released vested one-half thereof in O., whose estate came from a title superior to the will and one-half thereof in the trustee as his own, while as to the remaining part of the premises the trust continued. The trustee, who was himself a tenant in common of the premises, thereafter collected the rents of the entire property. Held, that the only cause of action O. had was against the trustee as tenant in common, and he could not compel an accounting as

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

trustee; the presumption being that the trustee received the rents as tenant in common and not as trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 414; Dec. Dig. ☞295.]

Application of William A. Overton to compel Arline A. Wilson, as executrix of the estate of James E. Wilson, deceased, to file and render the account of James E. Wilson, as executor and trustee of the last will and testament of Charles Wilson, deceased. Decree according to opinion.

Edward M. & Paul Grout, of New York City (Edward M. Grout and Charles B. La Voe, both of New York City, of counsel), for petitioner.

Bond & Babson, of New York City (Walter H. Bond, of New York City, of counsel), for respondent.

KETCHAM, S. Upon the accounting of the representative of a testamentary trustee, deceased, objection is made that the account does not report the deceased trustee's acts with respect to his receipt and disposition of the rents of an undivided one-fourth part of certain lands which were devised to him in trust.

Under the terms of the will the trust as to one-half of the premises so devised expired upon the death of a beneficiary, on whose life the trust as to such one-half was limited. The one-half thus released from the trust vested, one-half thereof, or one-fourth of the aggregate estate, in the objectant, and one-half thereof, or one-fourth of the aggregate estate, in the trustee as his own, while as to the remaining one-half of the lands the trust continued. During the period while this was the state of the title, the trustee collected the rents of the objectant's one-fourth share of the lands, and his acts in this respect provoke the present controversy.

[1] When the trust came to an end as to a portion of the lands, it was impossible that the rents of such portion could be collected by the trustee through the exercise of any duty or power committed to him by the will. Real Property Law (Consol. Laws, c. 50) § 109; Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322; Matter of Murray, 124 App. Div. 548, 108 N. Y. Supp. 1047; Fogarty v. Stange, 72 Misc. Rep. 225, 129 N. Y. Supp. 610; Kahn v. Tierney, 135 App. Div. 897, 120 N. Y. Supp. 663. These cases dealt with estates which, when they escaped the trust created by the will, vested in strangers to the trust by a devise contained in the same instrument. More clearly will the trustee be estranged from an estate in the lands, which he has primarily held in trust, when the remainder is created, not by the will of the creator of the trust, but by the superior operation of the laws relative to intestacy. There is nothing against these views in Deering v. Pierce, 149 App. Div. 10, 133 N. Y. Supp. 582. That case was concerned with the relation between the trustee and the remainderman as to a fund which had come into the hands of the trustee during the life of the trust and was held against the remainderman after the trust period had passed.

[2] Hence, in the case at bar, demand for an accounting as to the lands in question could not prevail, if it were narrowed by the claim that they were received under the testamentary warrant, and were, therefore, the proper subject of inquiry in this proceeding. It is only because the trustee cannot in his character as such be called to account for his dealing with property as to which his trust has ceased, that the device of constructive trusts has been resorted to where the trustee has acquired property by transferring his defined powers. In such cases the constructive trust has no reason for its being, except that redress cannot be had against the offender in his original relation to the property.

[3] Can the doctrine of constructive trust avail the objectant? Such trust could arise in this case only upon a finding that the person whose trust had terminated continued by a false, or at least unfounded, assumption to assert and exercise dominion over the property in question and collect its rents, and that in receiving the rents, and especially in retaining them, he acted with fraud, either actual or constructive.

The decedent was himself a tenant in common of the premises. As trustee of a still active trust he was also a tenant in common. As tenant in common he had the right to receive the rent of the entirety. As trustee under the will he had no right to receive the rents of the objectant's share. There is no evidence to dispute the presumption that he acted lawfully rather than unlawfully. The law approved his receipt of the rents as tenant. It forbade him to take them as trustee.

Moreover, this presumption is supported by the evidence. The objectant acquiesced for years in the collection of his rents by the decedent. He availed himself at intervals of the sums paid to him as his own share of the rents. He frequently thereafter asked for an accounting. His own estate came from a title superior to the will. He was never a beneficiary under the trust which it contained. He took no relation to the property under the trustee or through the trust. Except as tenant in common he had nothing to do with the property or its rents. The only attitude which the collector of the rents bore toward him was that of tenant in common with him.

These facts reinforce the presumption that it was as tenant in common and not as trustee that the decedent received the rents. They together require a finding that the only cause of action which the objectant has is not within the cognizance of this court.

Decreed accordingly.