WILLIAM LANDGREBE, JR., Plaintiff, *v.* LENA LANDGREBE and Others, Defendants.

Supreme Court, Bronx County, May 19, 1930.

*Bergman & Neff* [*Peter A. Neff* of counsel], for the defendants Landgrebe, for the motion.

*Lesser & Lesser*, for the plaintiff, in opposition.

HAMMER, J. This is a motion for the dismissal of the complaint upon the ground that the court has no jurisdiction of the subject of the action, for the reason that the Surrogate's Court of Westchester county has heretofore exercised and is still exercising jurisdiction over the sale and disposition of the real property in suit and distribution of the proceeds thereof, which proceeding in the Surrogate's Court is for the same relief sought in this action, to wit, the sale and distribution of the proceeds of sale. This action is brought by the plaintiff, a son and heir of the deceased, to partition all of the real estate of the deceased.

William Landgrebe died intestate. He left a personal estate and eight parcels of real estate. Three have been sold in the Surrogate's Court proceeding, although the eight parcels were included therein. The action asks partition of the remaining five parcels. His debts are in excess of his personal estate. He is survived by his widow, three adult children and three infant children. The widow was appointed administratrix, and upon her accounting in the Surrogate's Court an application was included for the sale of the eight parcels of real estate. The administratrix, resisting the action to partition and moving to dismiss the complaint, states that the application for sale in the Surrogate's Court was brought under section 233 and section 234, subdivision 6, of the Surrogate's Court Act. Section 233 provides: "The real property, or interests in real property, of which decedent died seized, may be disposed of as prescribed in this article." Section 234, subdivision 6, provides that "the real property * * * may be mortgaged, leased or sold for any or all of the following purposes: * * * for the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, * * * whenever in his discretion the surrogate may so direct, either prior to or upon a judicial settlement of the accounts of an executor or administrator."

The order of the surrogate referring to the citation issued upon the accounting and served upon the interested parties, including the plaintiff, the son of the deceased, recites among other things that the citation required the person cited to show cause why " such a sale should not be had of the said real properties for the purpose of making distribution, free of the estate of dower of the widow and free of the inchoate rights of dower of wives of certain married heirs * * * and that said administratrix be permitted and authorized to apply such purchase moneys from such sale of said real property to the payment of theu npaid debts of decedent." The citation was returned with proof of due service thereof upon the interested parties, including the plaintiff, and thereafter on May 22, 1929, an order was made by the surrogate approving contracts of sale for parcels Nos. 4 and 5, as well as parcel 7, and directing the administratrix to execute conveyances of said premises. The order further provided that " the remaining parcels of real property owned by the decedent, and described in the petition herein, more fully hereinafter described, for which no offers are presented, be sold by Lena Landgrebe, said administratrix, and that said administratrix before executing any deed or conveyance therefor, present to this court such offers as she may receive therefor subject to the approval and further order of this court."

The Supreme Court has jurisdiction of an action to partition real estate. (*Howell* v. *Mills*, 56 N. Y. 226; *Hewlett* v. *Wood*, 62 id. 75.) The proceeding in the Surrogate's Court directing the administratrix to sell the property at most only requires the administratrix to exercise her best efforts to procure a purchaser, and the sale in any event could not be completed until the contract was brought into court and submitted to the surrogate for approval. In the partition action all parties having or claiming to have any interest in the various parcels are necessary parties defendant, and the rights of all parties are adjudicated. In the proceeding to sell, only those parties who are necessary in the accounting proceeding are or can be proper parties, and the rights of no other party can be adjudicated. The sale in an action to partition is compulsory in character and conducted by the court through its officer appointed for the purpose. In respect to parcel 5, which consists of four lots, the title is in the deceased as tenant in common with one Blanche S. Kaufman. The latter is not an heir at law or next of kin or related to the deceased, and is not and could not be a party to the proceeding in the Surrogate's Court, but is a necessary and proper party in the partition action. In respect to that parcel, under section 233, only the interest of the deceased could be sold in the Surrogate's Court proceeeding. (See *Reubel* v. *Reubel*, 47 Misc. 474; *Letson* v. *Evans*, 33 id. 437; 3 Fiero Particular Actions & Proceedings [4th ed.], 2573; *Fogarty* v. *Stange*, 72 Misc. 225; *Brown* v. *O' Neil*, 124 id. 486; *Matter of Appell*, opinion by Surrogate FOLEY, 123 id. 12, and *Ryan* v. *Benjamin*, 128 App. Div. 51, wherein it was said: " The learned justice at Special Term has granted the plaintiff's motion to stay the proceeding in Surrogate's Court on the ground that the issues presented in that proceeding could all be disposed of in the trial of this action, and, as this action was first brought such issue should be there tried and determined. We cannot agree with this conclusion. The main issue presented in this proceeding in Surrogate's Court is as to the deficiency of personal assets to pay the decedent's debts. This issue is wholly irrelevant to the partition action, inasmuch as the proceeds of the sale must be deposited with the treasurer of the county to await the issue of the proceeding in Surrogate's Court. [Code Civ. Proc. § 1538.]) "

It is clear that the proceeding and action are not the same in parties, subject-matter, scope or relief sought.

For the foregoing reasons I am of the opinion that the plaintiff is entitled to maintain his action in this court to partition the real estate. The motion of the defendants Landgrebe is accordingly denied.